[No. 15344.   Department Two.   August 9, 1919.]

G. W. HARRIS, *Appellant*, v. R. L. SAUNDERS, *Respondent*, E. E. GERLINGER, *Defendant*.[1]

TRIAL (60)—PROVINCE OF COURT AND JURY—DIRECTION OF VERDICT. In an action at law tried to the jury, the court may sustain a challenge to the sufficiency of the evidence only where there was no substantial evidence tending to support the material issues.

FRAUD (25)—ACTIONS FOR DAMAGES—QUESTION FOR JURY. There is sufficient evidence that the purchase of stock in a corporation was induced by the fraudulent representations of the defendant, an officer and director of the company, where it was represented that the company was solvent, was doing a profitable business, had paid dividends, and that the stock had been issued for value received, all of which was false, the company being insolvent and its stock of no value.

FRAUD (22)—EVIDENCE OF DAMAGE—SUFFICIENCY. There was sufficient evidence of damage, through fraud in the sale of stock, in that the stock was of no value, where the company had shortly before pledged all its property for a debt, soon became insolvent, and had no prospect of paying over twenty cents on the dollar.

DEPOSITIONS (10)—ADMISSIBILITY OF PART. The adverse party may offer in evidence portions of a deposition where the same relates to a transaction separate from the other transactions stated in the deposition.

Appeal from a judgment of the superior court for King county, Frater, J., entered September 28, 1918, upon the verdict of a jury rendered in favor of the defendant, by direction of the court, in an action for fraud. Reversed.

*S. H. Kelleran* and *E. E. Hess*, for appellant.

*Earle & Steinert* and *C. H. Winders*, for respondent.

FULLERTON, J.—In this action the appellant Harris seeks to recover from the respondent Saunders and the defendant Gerlinger the sum of $3,200, paid by

[1]Reported in 182 Pac. 949.

him for shares of the capital stock of a corporation known as the Gerlinger Motor Car Company.

In his complaint, the appellant charges that the persons named conspired together to induce him to purchase the stock by falsely representing the business condition and the financial condition of the corporation named. He charges that they represented to him that the corporation was engaged in the manufacture of a truck called by the trade name of "Gersix"; that the truck had been thoroughly tested; that it had an established reputation; had proven satisfactory to the trade; and that the output of the factory was meeting with a ready sale. He further charged that the defendants represented that they were officers and stockholders of the corporation and had paid to the corporation the par value of their stockholdings in cash; that they were familiar with the financial condition of the corporation; that it was absolutely and completely solvent and in a flourishing condition; and that, during the two years immediately preceding, it had paid annual dividends to its stockholders of twelve per cent; and promised that, if he bought capital stock of the corporation and within ninety days became dissatisfied, they would refund to him the money invested; and that, to give their promise the semblance of good faith, they caused a similar promise in writing to be made by the corporation, although they well knew that such a promise could not be enforced in law. He further charges that, relying on the good faith of the representations, he invested $3,500 in the capital stock of the corporation and received the written promise of the corporation to refund the money invested within ninety days in case he should become dissatisfied with his investment. He then charges the falsity of the representations, averring specifically that the truck the corporation was engaged in manufacturing was

not a product of established reputation, and had not proven satisfactory to the trade; that the corporation was not then in a flourishing condition nor solvent, but was in fact insolvent; that it had not paid twelve per cent dividends on its capital stock annually during the preceding two years, nor any dividends thereon, and that the respondent Saunders, instead of paying cash at the par value for his stock, did not pay anything for such stock. He further alleged that he discovered the falsity of the representations within the ninety-day period, and made demand for the return of the money invested; that three hundred dollars thereof, and no more, had been returned to him; that the corporation had been adjudged insolvent, and at the time of the filing of the complaint was in the hands of a receiver.

The defendant Saunders answered separately. He denied generally all of the allegations of the complaint, save the allegations that the appellant purchased certain of the capital stock of the corporation named; that the corporation had given its obligation to repurchase the stock at the end of ninety days; that the corporation was then in the hands of a receiver and that but $300 of the appellant's investment had been returned to him. The defendant Gerlinger also appeared and answered, but prior to the trial withdrew his appearance and default was entered against him.

On the issues framed, a trial was entered upon by the court, sitting with a jury. At the conclusion of the appellant's evidence, a challenge to its sufficiency was interposed by the respondent and sustained by the court. The court thereupon charged the jury to return a verdict in favor of the respondent Saunders and against the defendant Gerlinger. This was done and a judgment entered accordingly. This appeal is from

that part of the judgment in favor of the respondent Saunders.

The appellant's assignments of error question the correctness of the order of the trial judge sustaining the challenge to the sufficiency of the evidence. In determining the question, it must be kept in mind that the judge was not the trier of the facts. The complaint stated a cause of action, and the appellant was entitled to recover if his evidence proved the substance of his cause of action. The action was one of legal cognizance, being tried by the jury as such. The trial judge, therefore, was warranted in sustaining a challenge to the sufficiency of the evidence only if there was no substantial evidence on the part of the appellant tending to support the material issues. Disputes in the evidence, and disputed inferences arising from the evidence, were for the jury to determine, not the trial judge. It must be remembered, also, that, in passing upon this question, the appellant was entitled to have considered, where the evidence is contradictory, or where favorable or unfavorable inferences can be drawn from the evidence, that part of the evidence most favorable to his contention. It is not the rule that a litigant is bound by the unfavorable testimony of a witness, even though that witness may be one he himself produces; that is to say, if a plaintiff produces evidence tending to support his allegations and then introduces a witness who contradicts his former evidence, he may still go to the jury on the question, as the contrary rule would always place him at the mercy of a designing witness.

The testimony as we view it, tested in the light of the foregoing principles, warranted the jury in finding the following facts: The Gerlinger Motor Car Company was an Oregon corporation, organized in 1910, with a capital stock of $50,000. The stock was issued

principally to the defendant Gerlinger, who, so far as
appears from the books of the corporation, gave no
consideration therefor. The corporation first began
business at Portland, Oregon, selling motor passenger
cars and motor trucks of other manufacture. In 1913
or earlier, it opened a branch business at Seattle,
Washington, of which the respondent Saunders was
later appointed local manager, receiving for his serv-
ices a small salary and commissions on the motor cars
and trucks sold by him. After he had been manager
for some months, he was presented by Gerlinger with
shares of the capital stock of the corporation of the
par value of $500, and shortly thereafter elected a
trustee and vice president of the corporation. In the
early part of 1916, he was given by Gerlinger addi-
tional stock of the par value of $4,500, making his
holdings $5,000. This stock was given him to induce
him to remain with the corporation, whose services he
then contemplated leaving.

The corporation had manufactured a few trucks at
Portland, which it called the Gersix truck; and in
March or April of 1916, opened a factory at Tacoma,
Washington, to enter into their manufacture on a more
extensive scale. At this time the capital stock of the
corporation was increased from $50,000 to $100,000.

The appellant is a civil engineer and draughtsman
by profession, and his principal occupation has been
along those lines. In July, 1916, being desirous of
making an investment in an established business, he
inquired of one Algase for such an opportunity, and
was referred to the respondent Saunders. He visited
Saunders and stated to him his desires and was advised
by him to invest in the capital stock of the Gerlinger
Motor Car Company. As an inducement for him to
purchase, the respondent stated to him that the com-
pany was in a flourishing condition and wanted to

expand; that the company was manufacturing a truck known as the Gersix; that it had proved a great success, and that it could not supply the trucks it had a market for; that it had recently established a factory at Tacoma for the manufacture of trucks on a large scale and was anxious to expand its business, being desirous of establishing agencies in the eastern part of the state. He further said that the company had paid twelve per cent dividends on its capital stock annually for the last two years and that, if he invested in the company's stock and was dissatisfied at the end of three months, the stock would be taken off his hands at the price he paid for it. The appellant then left Saunders, saying to him that he would see him later. Later on, he again visited the respondent and expressed a desire to investigate further. At this time the respondent insisted that he make a deposit, whereupon he gave the respondent his check for $500, payable to the order of the corporation. This check was endorsed by the cashier of the corporation and later cashed. A few days subsequent, the respondent took the appellant to Tacoma in his private car. On the way over, the affairs of the company were again discussed, the respondent telling the appellant that he had $5,000 in the stock of the company, but did not tell him how he had obtained it. At Tacoma the appellant met Gerlinger for the first time. He was shown over the plant, and the condition of the company was again gone over, Gerlinger repeating in Saunders' presence the representations previously made to him by Saunders. The question of the return of the investment to the appellant was also brought up, whereupon both Gerlinger and the respondent assured him that it would be returned if he was dissatisfied at the end of ninety days, and the written assurance of the corporation to that effect was given him. A few days

later, the appellant, relying, as he testifies, upon these representations, purchased stock of the company at its par value to the amount of $3,500. At the end of ninety days, he expressed his dissatisfaction to Saunders, and asked for his money back. Saunders urged him to stay with the company. He again repeated his demand from time to time thereafter, but was put off with the promise that the matter would be adjusted. Finally, at his urgent request, Saunders gave him a check for $300, but nothing more was paid on the demand.

During all these times, Gerlinger was president, manager and a member of the board of trustees of the corporation. Saunders was vice president and a member of the board of trustees. Subsequent thereto, Saunders withdrew from the company, purchasing its interests in the Gersix truck and engaging in its manufacture through another corporation at Seattle.

The evidence showed that the corporation was in straightened circumstances, if not insolvent, at the time the representations recited were made to the appellant. In May, 1916, the corporation borrowed $10,000 from a bank at Tacoma on the indorsement of Gerlinger and one Outcalt, mortgaging its real and personal property to secure the indorsers. This obligation remained outstanding until after the corporation was adjudged insolvent in June, 1917. The receiver appointed in the bankruptcy proceedings testified that the books of the corporation showed that no dividends had ever been paid on the stock of the corporation, unless what "Gerlinger took out" of the receipts of the corporation might be called a dividend. He further testified that the assets in his hands would not pay to exceed twenty per cent of the indebtedness of the company.

It seems to us clear there was here sufficient evidence that the appellant had been induced to purchase

the stock in question by false representations to make the question one for the jury. There is evidence, also, that the representations were the inducing cause of the purchase of the stock. This being true, the respondent is answerable for the consequences. It is true he was called as a witness by the appellant and in the course of his examination testified that the Seattle branch of the corporation's business was the only branch of which he had knowledge, and that the business of this branch had always been profitable, and that he had no knowledge of the financial condition of the corporation otherwise. But these facts, if accepted as true, will hardly excuse him. He was vice president and a member of the board of trustees of the corporation, and is chargeable as if he had knowledge of its condition. Promoters, officers and directors of corporations, putting forth false statements concerning the condition of their corporation, are as much bound to refrain from stating as true what they do not know to be true, as from stating to be true what they know to be false.

But perhaps the principal contention is that there was no proof of damages. The respondent cites the cases from this court holding that the measure of damages in actions for deceit or breach of warranty, in sales of real or personal property, is the difference between the actual value of the property at the time of the sale and what its value would have been if the representations made had been true, and argues that there is no evidence in the record of the actual value of these shares of stock at the time of appellant's purchase. But it seems to us there was substantial evidence in this respect. It was shown that, just prior to the sale of the stock to the appellant, the corporation was without ready money; that, in order to procure credit, it was compelled to pledge its real and

personal property to secure a loan; that it met with no sudden reverses carrying unexpected losses; that it never redeemed the property from such pledge and was adjudged insolvent while the obligation was outstanding. Plainly there were facts shown from which the jury could well have found that the stock of the corporation then had no actual value. That a corporation may borrow money to be used in the conduct of its business is, of course, not necessarily evidence of insolvency, nor is the fact that it may pledge its securities for such a loan such evidence, but when it pledges its entire plant for a loan, nominal when compared with its capital stock, and without suffering extraordinary losses, or misfortune of any kind other than its inability to conduct its business successfully, and is adjudged insolvent before it redeems its pledge, the facts are very persuasive of insolvency at the time the pledge was made.

Since the cause must be remanded for trial, another question must be noticed. Prior to the trial, a deposition had been taken on behalf of the defendants. At the trial, the appellant, the adverse party, offered portions of the deposition as evidence in his behalf. Objection was made and sustained to the offer because all of the deposition was not tendered. As to what is the proper rule under such circumstances, the authorities are not uniform. We believe, however, the better rule to be that portions of a deposition may be read in evidence when the portion relates to a transaction separate from and independent of other transactions related in the deposition. All that relates to the particular transaction must be read, but there is no necessity that matters foreign to it be proffered or read. The principal is well stated in the case of *First National Bank of Fargo v. Minneapolis & N. Elevator Co.,*

11 N. D. 280, 91 N. W. 436, where the following language was used:

"Error is also assigned on the court's ruling denying the defendant the privilege of introducing certain questions and answers which were contained in the deposition of W. E. Ditmer, which had been taken on behalf of the plaintiff and used on a former trial. The record shows that counsel for defendant announced that he intended to read but a portion of the deposition. Counsel for plaintiff objected unless the entire deposition was offered. The abstract shows the following ruling: 'The court permits counsel to read from such deposition such parts thereof as are relevant, and relate to any distinct transaction or transactions connected with the subject-matter under controversy in this action, and requires him to read all of the evidence pertaining to such transaction; leaving it to the discretion of the other party to offer the remainder of the deposition if he so desires.' In this ruling we find no error. It is true, the defendant was authorized under the statute to read the deposition in evidence. § 5682, Rev. Codes. But its statutory right did not extend to reading mere excerpts and isolated parts thereof. It is well settled that it is within the discretion of the trial judge to require an entire deposition to be read. The authorities uniformly hold, we believe, that, when a portion of a deposition is permitted to be read relating to a separate transaction, all the evidence that is competent and pertinent to the subject must be introduced. A part of the deposition cannot be read, and a part omitted, at the option of the party offering it. All that is competent and pertinent to the transaction should be read, or none. *Kilbourne v. Jennings,* 40 Iowa, 473; *Bank v. Rhutasel,* 67 Iowa, 316; 25 N. W. Rep. 261; *Prewitt v. Martin,* 59 Mo. 325; *Bank v. McSpedon,* 15 Wis. 628; *Schwartz v. Brunswick,* 73 Mo. 256; *Grant v. Penderry,* 15 Kan. 236; *Lanahan v. Lawton,* 50 N. J. Eq. 276, 23 Atl. Rep. 476; *Scott v. Wagon Works,* 48 Ind. 75; 6 Enc. Pl. & Prac. 586, and cases cited. The order made by the trial court was strictly within the above rule, and deprived the defendant of no right to which it was entitled."

We conclude that the trial judge was in error in sustaining the challenge to the sufficiency of the evidence.

The judgment is reversed as to the part appealed from and the cause remanded for trial.

HOLCOMB, C. J., PARKER, and MOUNT, JJ., concur.