[No. 20346. Department One. February 24, 1927.]

JOHN ROMANO et al., Appellants, v. SHORT LINE STAGE COMPANY et al., Respondents.[1]

[1] HIGHWAYS (58)—NEGLIGENT USE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY. The negligence of the driver of an automobile, and the contributory negligence of a schoolboy, struck and killed after alighting from a school bus, are questions for the jury, where the stage passed a school bus from which children were alighting at a school house, at an unlawful rate of speed without sounding any warning, near a curve and where the highway was narrow; and the boy stepped into the path of the stage from the rear of the school bus, and his younger brother accompanying him testified that, before they got off the bus, he looked up the road and saw nothing coming, the stage not then being in view.

Appeal from a judgment of the superior court for King county, Paul, J., entered November 13, 1925, dismissing an action for wrongful death, upon granting a nonsuit. Reversed.

*G. F. Vanderveer* and *W. G. Beardslee,* for appellants.

*F. W. Mansfield* and *Van Dyke & Thomas,* for respondents.

¹Reported in 253 Pac. 657.

French, J.—This is an appeal from a judgment of dismissal entered by the trial court, upon sustaining a challenge to the sufficiency of the evidence at the conclusion of plaintiffs' testimony, in an action brought by the parents for the wrongful death of their son.

On December 21, 1922, at about four o'clock in the afternoon, Joe Romano, a boy between fourteen and fifteen years of age, a student at the Edmonds high school, was struck by the auto stage of the defendant company just as he emerged from the rear of a school bus standing in a school zone, and from which he and his younger brother had just alighted, intending to go to their home across the road. The auto bus passed a standing school bus at a rate of speed considerably in excess of that permitted by law, and sounded no warning signal. Young Romano died from the effects of the injury soon after the accident. Thereafter suit was brought against the stage company and the surety on its bond, alleging that the defendant was negligent in the operation of its stage. The allegations of the complaint were put in issue by an answer, which affirmatively alleged contributory negligence.

It appears from the testimony that the defendant stage company, at the time of the accident, was engaged in operating a public auto stage making more or less regular trips according to schedule, and generally, though not always, passed the school bus prior to the time of the accident. The school bus was regularly engaged in transporting pupils from the Edmonds high school. It was a large bus, being about thirty feet long and eight feet wide, the exit being at the front right hand corner. The auto stage was over six feet wide, and the road in question was a country road in the vicinity of Meadowdale, near the city of Seattle, the traveled portion of the road being sixteen feet, so

that the highway was almost completely used by the two conveyances when they passed.

At the time of the accident, Joe Romano and his younger brother got off the front of the bus, walking along the bus to its rear for the purpose of crossing behind it to the other side of the road. Arriving at the rear, Joe jumped over a small mud puddle, taking one or two steps until he came to the end of the bus. Just as he emerged from behind the bus the stage struck him, resulting in his death a few hours later.

According to the plaintiffs' testimony, the auto stage at the time in question passed within a foot of the school bus, going through a school zone at a rate of between twenty and thirty miles an hour, without sounding a horn or giving any warning signal whatsoever, striking the boy the instant he came from behind the school bus, and came to a stop some ninety or one hundred feet from the point of the accident.

The younger brother, Anthony, testified that before they alighted from the school bus he looked up the road and nothing was coming. Some six hundred feet beyond where the school bus was stopped, there is a curve in the road, beyond which the boys could not see, otherwise the view was unobstructed. What precautions as to looking, if any, the deceased took respecting his safety it is impossible to tell, the record being silent on that question. At the close of the plaintiffs' testimony, the defendant challenged the sufficiency of the evidence and moved the court for a non-suit. The trial court granted the motion, discharged the jury and dismissed the case on the theory that the deceased was guilty of contributory negligence as a matter of law.

[1] A review of the facts set forth in the various cases cited by counsel can be of little value, as each case presents only its own peculiar state of facts. The rule,

however, which this court has uniformly adopted is that an action for personal injuries should not be taken from the jury on the ground of plaintiff's contributory negligence, unless the same so clearly appears that reasonable minds cannot differ as to the usual and probable results of the acts proved. *Fobes Supply Co. v. Kendrick,* 88 Wash. 284, 152 Pac. 1028; *Brandt v. Northern Pacific R. Co.,* 105 Wash. 138, 177 Pac. 806, 181 Pac. 682; *Hillerbrant v. Manz,* 71 Wash. 250, 128 Pac. 892.

Also a challenge to the sufficiency of the evidence or a motion for non-suit admits the truth of the plaintiffs' evidence, and all inferences that can reasonably be drawn therefrom, and the evidence must be interpreted most strongly against the defendant. *Luper v. Henry,* 59 Wash. 33, 109 Pac. 208; *Young v. Aloha Lumber Co.,* 63 Wash. 600, 116 Pac. 4; *King v. Page Lumber Co.,* 66 Wash. 123, 119 Pac. 180; *Hendrickson v. Simpson Logging Co.,* 69 Wash. 72, 124 Pac. 395; *Harris v. Saunders,* 108 Wash. 195, 182 Pac. 949; *Johnson v. North Coast Stevedoring Co.,* 109 Wash. 236, 186 Pac. 663.

The burden is upon the defendant to prove contributory negligence, either by his own testimony or it must affirmatively appear from the plaintiff's testimony; and where the record is silent on the question due care on the part of the plaintiff will be presumed.

A careful review of the testimony in this case, measured by the rules of law we have just set forth, we think, fails to show affirmatively that the deceased was guilty of contributory negligence, and we think does affirmatively show a state of facts which, if believed by the jury, would warrant the jury in saying that respondent was guilty of negligence.

We think the question determined by the court as a

matter of law was for the jury to determine as a matter of fact under proper instructions.

The judgment is therefore reversed.

MACKINTOSH, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.