[No. 20356. Department One. April 21, 1927.]

P. G. QUITSLUND, *Respondent*, v. BARTON & COMPANY, *Appellant*.[1]

[1] MUNICIPAL CORPORATIONS (379, 380, 390)—USE OF STREETS—
MEETING AND PASSING—VIOLATION OF RULES—QUESTION FOR
JURY. The contributory negligence of a boy in riding a motor-
cycle too close to a truck and in passing without a signal, is
a question for the jury, where his failure to observe the law
rested on opinion evidence, which he denied, and he testified
that the truck turned across his path without signal before he
had reached a point where it was customary for him to signal
for passing.

[2] CONTINUANCE (24)—FORM AND REQUISITES OF APPLICATION. It
is not error to refuse a continuance, upon the adversary's offer
of inadmissible evidence; as that is not the proper remedy.

[3] DAMAGES (109)—PERSONAL INJURIES—EVIDENCE—ADMISSIBILITY
—HEALTH AND PHYSICAL CONDITION. Upon an allegation of per-
manent personal injuries, it is competent to show plaintiff's
condition after the commencement of the action.

Appeal from a judgment of the superior court for
King county, Douglas, J., entered April 13, 1926, upon
the verdict of a jury in favor of the plaintiff, in an
action for personal injuries resulting from a collision
of motor vehicles. Affirmed.

*Schwellenbach, Merrick & Macfarlane,* and *H. A. P.
Myers,* for appellant.

*John F. Dore* and *Adam Beeler,* for respondent.

FULLERTON, J.—In this action the respondent, Quits-
lund, recovered against the appellant, Barton & Com-
pany, for injuries received in a collision between a
motorcycle on which he was riding and an automobile
truck owned by the appellant, and driven by one of the
appellant's employees.

[1]Reported in 255 Pac. 666.

The collision occurred on one of the public streets of the city of Seattle. For some distance before the place of the collision was reached, the vehicles had been driven westerly along the street. As the vehicles entered the street, the truck was in advance of the motorcycle. The motorcycle, however, was driven faster than the truck and overtook it before the place of the collision was reached, and proceeded to pass it. At that place, a road intersects the street on its south side at a right angle. The driver of the truck, on reaching the intersecting road, turned the truck towards it for the purpose of entering it. In so doing, the truck was made to pass directly in front of the motorcycle, and the motorcycle ran against it.

The state law limits the speed of motor-driven vehicles on the street mentioned to twenty miles per hour, and provides that, when one such vehicle overtakes another and desires to pass it, a warning signal shall be given. The traffic ordinances of the city of Seattle provide that every driver of a motor vehicle, while on a street of the city, must drive or operate the vehicle of which he is in charge so as to keep a safe distance between the front end of his vehicle and the rear end of the vehicle immediately preceding him, "and in no event draw nearer than three (3) feet to such vehicle."

[1] The first of the appellant's assignments of error questions the rulings of the trial court made on its several challenges to the sufficiency of the evidence to sustain a verdict against it. It does not contend that the evidence was insufficient to make a case for the jury on the question of the negligence of the driver of its truck, but contends that the evidence conclusively shows that the respondent was guilty of such contributory negligence as to bar a recovery on his part. It is said that he was exceeding the speed limit, that he drove his

motorcycle too close to the rear of the truck, and that he gave no warning signal of his intent to pass the truck.

It may be that, were we to accept as verities the estimates of speed and the estimates of distances given, even by some of the respondent's own witnesses, it would be found that the respondent had violated the prescribed speed limit and driven his motorcycle closer to the truck than is permitted, but the evidence of the witnesses on these matters were estimates merely, and there was no pretense even on the part of the witnesses that they were anything more. But conceding that the testimony of the witnesses must be accepted as testimony of actual fact, the respondent is not estopped thereby. By his own testimony, and by the testimony of other witnesses, he showed that he at no time violated the law in the particulars mentioned. The question thus became one for the jury, on which their verdict is conclusive upon the court.

On the question of the failure to give a warning signal of his intention to pass, the respondent testified, in substance, that the truck was traveling near the center of the street; that he had followed it for some distance before he turned from behind it, and had not reached the place where it was customary to give a passing signal when the truck, without warning of any kind, turned across his path; that when he saw it turning he made an effort to avoid it, but was unable to do so. The appellant says that he "quibbles over the question," but we see nothing unreasonable in his testimony, and the question whether his act in this respect was or was not negligent was for the jury.

[2] The next assignment of error is founded upon the ruling of the court refusing to grant a continuance. The accident causing the injury occurred on April 7,

1925. The action was instituted in August of the same year. Thereafter issue was joined on the complaint, and the cause was by the court set down for trial on February 10, 1926. Between the time the action was instituted and the time fixed for its trial, the respondent was obligated to go to a hospital for a further treatment of his injuries. On February 9, 1926, the day before the cause was set for trial, the respondent moved to amend his complaint by setting up the additional items of expense he had incurred by reason of the further treatment. The appellant thereupon moved for a continuance of the trial for a sufficient time to enable it to prepare to meet the new issue thus tendered. On the intimation of the court that a continuance would be granted if the amendment was insisted upon, the respondent withdrew his motion to amend and announced that he would go to trial on the issues as they then stood, whereupon the court directed the trial to proceed. During the course of the trial, the respondent took the stand as a witness in his own behalf and was questioned by his counsel concerning the condition of his injuries and the nature of their treatment subsequent to the time of the commencement of his action. When this inquiry was entered upon, the appellant renewed its motion for a continuance, contending that the evidence revived the issue contemplated by the proposed amendment, and that it was not then prepared to meet it. But we cannot think the objections urged are tenable. Manifestly, it was not error for the court to proceed with the trial after the respondent had withdrawn his motion to amend, and it seems to us equally plain that, if the testimony offered was not admissible under the pleadings as they stood, the remedy was not by a renewal of the motion. There can, therefore, be no error in

the refusal of the court to grant a continuance when the motion was first made, nor when it was renewed.

[3]  But it may be that we should treat the motion as an objection to the testimony.  Taking this view of it, we find no error.  The respondent alleged that his injuries were permanent, on which allegation the appellant took issue.  Evidence of their condition, both prior and subsequent to the commencement of his action, was competent on this issue.

The appellant finally complains that the court permitted one of the attorneys representing the respondent to indulge in unwarranted and unfair argument in his address to the jury.  But we do not feel that this branch of the case merits extended discussion.  The part of the record thought to show misconduct is extremely meager, and we cannot find therein anything to which the appellant took exception so far prejudicial as to warrant a new trial.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.