[No. 22127. Department One. November 12, 1929.]

GEORGE POZAR, *Respondent*, v. G. W. BLANKENSHIP *et al., Appellants.*[1]

[1]Reported in 282 Pac. 52.

*Battle, Hulbert & Helsell* and *Weldon G. Bettens,* for appellants.

*R. L. Ponder,* for respondent.

PARKER, J.—The plaintiff, Pozar, seeks recovery for personal injuries to himself and damages to his Ford sedan automobile, claimed as the result of the negligent operation of an automobile truck owned by the defendant Blankenship while in charge of the defendant Strong, his employee. Trial upon the merits in the superior court for Lewis county, sitting with a jury, resulted in a verdict awarding to Pozar recovery in the sum of $5,000. The defendants moved for judgment notwithstanding the verdict, and, in the alternative, moved for a new trial. The court denied the motion for judgment notwithstanding the verdict; and being of the opinion that the verdict was excessive and that there was no other cause for a new trial, entered an order giving to Pozar the privilege of accepting an award of $3,500 or submitting to a new trial. Pozar elected to accept such reduced award, and thereupon the court entered an order denying the motion for new trial, and rendered a final judgment awarding to Pozar the sum of $3,500, from which the defendants have appealed to this court.

The principal contentions here made in behalf of appellants are: (1) That there was no negligence on the part of either of them which was the proximate cause of the damages suffered by Pozar; and (2) that, in any event, the damages suffered by Pozar were caused by his own negligence or contributory negligence.

The controlling facts, as we think the jury were warranted in viewing them, may be summarized as follows: At the time in question, there was, at and passing the place in question, in Lewis county, a much traveled, concrete paved public highway running straight east and west for a long distance. The pavement was eighteen feet wide. On each side of the pavement, there was an earth shoulder six feet wide on the same level as the pavement, and, just outside the shoulder on each side of the highway, there was a ditch six feet wide; so the total width of the highway, including earth shoulders, was thirty feet. The highway ran practically level. At an old logging camp, there came into the highway from the south a private driveway over a narrow, somewhat crude, plank bridge over the ditch. South of the ditch, and a short distance west of the driveway, there was a pile of old logging railway rails, about four feet high, so that one driving east along the pavement of the highway could see past the rails to a point on the driveway some twelve to fifteen feet south of the pavement, though he be a considerable distance back to the west of the driveway.

Pozar, for some two years, had lived near the highway some two miles west, and during that period had worked at a mill near the highway some three miles east of the driveway at the old logging camp. He drove along the highway daily, to and from his work, in his 1921 model Ford sedan. At the time in question, his sedan, though an old one, was in good condition, includ-

ing its lights and brakes. Blankenship owned a large automobile truck which was eighteen feet long. It had no workable horn or other mechanical signaling device. It had the usual front lights. It had no rear red light, but it had a trailer for hauling heavy material which had the usual rear red light upon it, visible only from the rear. The combined length of the truck and trailer, including their coupling, was about forty-four feet, there being a few feet of open space between the two at their coupling. There was no side light near the rear of the trailer showing red toward the rear and white towards the front, as required by Laws of 1927, p. 796, § 28 (Rem. 1927 Sup., § 6362-28), to be "on long vehicles or combinations of vehicles having gross or over-all lengths in excess of twenty feet;" nor any side light of any nature on either the truck or the trailer.

The truck and trailer so combined were, at the time, being used by appellant Blankenship, Strong being in charge of it as driver, to haul old railway rails away from the old logging camp out the driveway and thence along the highway. To get the truck and trailer out upon the highway and turn completely thereon to go in either direction, it was necessary, because of their unwieldy combined length, the narrow bridge over the ditch, and the total width of the highway being only thirty feet, to drive the truck out, turning as much as possible without running the trailer off the bridge, bring the front of the truck near the north shoulder edge, then cramp the front wheels of the truck and back it, at least once, and then again cramp the front wheels and turn further before the whole combined vehicle could proceed along the highway. This was a process taking, comparatively, some time, much more time than to drive an ordinary automobile out of the

driveway onto the highway and turn to go east or west thereon.

During the morning of December 18, 1928, a little after six o'clock, it being still dark and there being considerable fog, preventing a driver seeing dark objects other than at a short distance ahead of him on the highway, probably at most about twenty feet ahead, though red or white automobile lights could be seen much farther, at least 100 feet or more, Pozar started to his work as usual in his sedan, its lights on. A short time later, it still being dark and foggy, when he came within about twenty feet of the driveway at the old logging camp, some large dark object appeared as if almost clear across the pavement, which proved to be the Blankenship truck. It appeared to Pozar possible for him to pass it on the south; that is, to his right, which was the side of the pavement on which he was driving, if he could not stop; so he turned his sedan in that direction near to and possibly off the edge of the pavement onto the shoulder, at the same time applying his brakes vigorously. He was unable to stop or to pass, and came into collision with the rear of the truck and the front of the trailer, his left fender and wheel striking the truck and his right fender and wheel striking the trailer, the railway rails on the trailer coming through his windshield; this seemingly because of their projecting over the front of the trailer. He was severely injured and his sedan much damaged.

Strong says that he saw the lights of Pozar's sedan several hundred feet away, and hallooed and waved his hand in warning for Pozar to stop, but without effect. Other witnesses say that Strong's first halloo was almost simultaneously with the occurrence of the collision. There being no horn or other signal device on the truck, none was sounded, which could have been timely done had there been such a device on the truck,

after Strong first saw the coming of Pozar's head-
lights. The truck was headed somewhat west of north,
its front lights lit, their rays projecting somewhat
west of north. Pozar seems not to have noticed the
truck's headlights or, if he did, must have entertained
the momentary thought that they were from a vehicle
the rear of which did not reach across his path along
the south side of the pavement. Pozar, of course, did
not see any side lights of any nature on either the truck
or the trailer, there being no such lights on either.
Whether or not he could have seen such a properly
located light near the rear of the trailer, we think,
under the circumstances, was a question of fact which
the jury might decide one way or the other, in view of
the line of his vision past the pile of railway rails south
of the highway and west of the driveway.

Were appellants negligent, and, if so, was such
negligence the proximate cause of the damages suf-
fered by Pozar? We are of the opinion that the jury
were warranted in so finding from the evidence. Strong
drove the truck upon the highway under such condi-
tions as called for extraordinary care in avoiding
vehicles being driven along the highway, in view of
the existing darkness and fog, the length of the com-
bined unwieldy vehicle he was driving, and the mani-
fest difficulty of his promptly getting it upon and
turned along the highway on the proper side to proceed
thereon. No mechanical warning was sounded from
the truck, which might have, by timely sounding, given
Pozar sufficient warning, that being the usual appro-
priate warning in case of danger. No side light was
upon the trailer, which might have given to Pozar suf-
ficient timely warning. It is argued that the head-
lights of the truck and Strong's outcry and waving of
his hands were sufficient warning to Pozar. We think,

under the circumstances, it could not be so decided by the court as a matter of law.

■ Was Pozar negligent? We are of the opinion that the jury were warranted in finding from the evidence that he was not. His sedan was in good condition, including brakes and lights. True, he was proceeding at a speed of about twenty miles per hour, and, because of the fog, could see a dark object only about twenty feet ahead; but he could have seen any proper automobile light at least 100 feet ahead, and could have heard any properly sounded mechanical warning from an automobile or truck that far ahead. The only claimed negligence on his part, which we regard as having any substantial support in argument, is that of his speed of twenty miles per hour, under the circumstances. The jury probably might have found that he was negligent in then proceeding at that speed under the circumstances, but we are convinced that the court should not so decide as a matter of law, and for that reason hold him guilty of such contributory negligence as to preclude his recovery in this case. We have critically examined our numerous previous decisions cited by council for appellants. We deem it sufficient to say that 'we do not regard any of them as out of harmony, when critically read, with our conclusions here reached touching the question of the contributory negligence of Pozar.

■ By one of its instructions, the trial court gave to the jury the substance of that portion of § 28, Laws of 1927, *supra,* requiring long vehicles or combinations of vehicles to carry on their left side near the rear a light showing red towards the rear and white towards the front, and also giving the jury to understand that any failure of appellants to comply with this requirement would be negligence on their part; and if such negligence proximately contributed to the acci-

dent and Pozar's injury, he not being guilty of contributory negligence as a proximate cause of his injury, they could be held liable to him therefor. It is not argued that this somewhat lengthy instruction, the substance of which we have stated, does not correctly state the law; but it is argued that it was inapplicable to the proof in this case, and for that reason prejudicial, in that the failure to have a side light on the trailer could not possibly have been the proximate cause of the collision, because Pozar could not have seen any such side light upon the trailer because of the presence of the pile of railway rails. We have noticed that, when Pozar was approaching the truck some 100 feet away, it was headed in a direction somewhat west of north. This enabled Pozar to see its headlights the rays of which were projected somewhat west of north. The rays of a proper side light on the trailer apparently would have shown in about the same direction, and enabled Pozar, as the jury might believe, to not only see the forward projected white light, but also the side of the trailer and truck as such projected rays would in some measure show. Whether or not the pile of railway rails would have obscured from the vision of Pozar such a light and its effect forward on the trailer and truck, was, we think, an arguable question of fact under the evidence, and for the jury to decide; so we are of the opinion that the giving of this instruction was not error. The same problem, in substance, is presented by a challenge to the correctness of an instruction given by the court relating to the measure of damages touching Pozar's personal injuries; that is, as to whether or not there was evidence calling for the giving of a certain portion of such instruction. We deem it sufficient to say that we think there was such evidence warranting the giving of the portion of the instruction so complained of.

It is finally contended that the award of the judgment, even as reduced below the verdict, is excessive, and that a new trial should be awarded for that reason, or in any event the award further reduced. We deem it sufficient to say that our review of the evidence convinces us that we should not on this account disturb the award.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.

