[No. 24216.  Department One.  February 6, 1933.]

TORSTEIN O. STEINHEIM, *Appellant,* v. F. R. NICHOLAS *et al., Respondents.*[1]

*Alfred C. Oleson* and *Frank A. Steele,* for appellant.
*A. C. Van Soelen* and *E. I. Jones,* for respondents.

MILLARD, J.—Railroad avenue is in the city of Seattle, and runs north and south. It is intersected at right angles by Marion street. About five-thirty p. m., December 17, 1930—a dark night—but not foggy or wet—plaintiff was walking westerly on Marion street across that intersection. An automobile, owned by the

[1]Reported in 18 P. (2d) 836.

city of Seattle and operated by an employee of the city, was proceeding north on Railroad avenue, through the intersection, at the rate of twenty to twenty-five miles an hour, which exceeded the legal maximum of fifteen miles an hour through intersections. The plaintiff pedestrian was struck by, or collided with, the right fender or the extreme right end of the bumper of that automobile.

Plaintiff instituted an action to recover for personal injuries alleged to have been sustained as a result of that accident. The cause was tried to the court, which found "that the lights on the automobile driven by the said F. R. Nicholas were burning," and that the contributory negligence ("in that he did not observe the approach of the automobile driven by the defendant F. R. Nicholas, which was open and apparent") of the plaintiff was the sole and proximate cause of his injuries, and barred recovery. Judgment of dismissal was entered. Plaintiff appealed.

The testimony in behalf of appellant was that, immediately prior to the accident and just before he attempted to cross Railroad avenue, he and his companion looked to the south. They saw three north-bound automobiles, with headlights burning. Appellant and his companion waited for the three automobiles to pass, after which they again looked to the south. Nothing was in sight. Appellant and his companion took two or three steps, when appellant, who was in front of his companion, was struck by respondents' automobile, which, according to the testimony of appellant and his companion, was unlighted, gave no warning of its approach, and was traveling at an unlawful rate of speed.

It fairly appears from the evidence that, if the lights were burning, there was nothing to prevent the appellant from seeing the approaching car—that the danger would have been open and apparent. The determina-

tive question is whether the lights of respondents' automobile were burning. The trial court found that the lights were burning. The record not disclosing a preponderance of the evidence contrary thereto (the evidence amply sustains the finding), that finding will be considered as a verity.

Appellant testified that he looked and did not see the approaching car, then took two or three steps and was struck. Had he looked, he would have seen the approaching car and would not have stepped into its path. He will not be heard to say that he looked and did not see.

"A number of times this court has held that, when a person testifies that he looked and did not see an object, which plainly he could have seen, then he will not be heard to say that he looked and did not see. In other words, the situation is the same as though he had looked and seen the object." *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784.

The court's finding and conclusion that the appellant was guilty of contributory negligence which bars his recovery are amply supported by the evidence.

The judgment is affirmed.

BEALS, C. J., PARKER, MITCHELL, and HOLCOMB, JJ., concur.