[No. 24504. Department Two. September 7, 1933.]

EDGAR E. CAMPBELL, *Appellant*, v. SPOKANE UNITED RAILWAYS COMPANY, *Respondent*.[1]

*W. C. Losey,* for appellant.
*Post, Russell, Davis & Paine,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries and property damage. The cause came on for trial before the court and a jury. At

[1]Reported in 24 P. (2d) 1068.

the conclusion of the plaintiff's evidence, the defendant challenged the sufficiency thereof to sustain a verdict and moved for a nonsuit; which motion was sustained. From the judgment dismissing the action, the plaintiff appeals.

The facts are these: The accident out of which the litigation arose happened in the city of Spokane, October 13, 1931, at about 7:30 o'clock a. m., on Howard street, at or near a place where the steam railway tracks cross that street. The respondent owns and operates a street railway system in the city. Howard street extends north and south, and the steam railway tracks east and west. To the north of the railway tracks, there are double street-car tracks on Howard street, and also to the south. Street-cars moving north on the east track, just before reaching the railway tracks, switch over onto the west track, which is to the west of the center line of the street. Across the railway tracks there is but a single street-car track. From the west line of the west track to the curb is a distance of eighteen feet.

Just before the accident, a street-car had approached from the south on the east track and had stopped before switching onto the west track, because a steam railway train was passing. At the same time, the appellant approached from the north and stopped for the same reason. After the railway train passed, the motorman, as he testified, sounded the gong on the street-car, started to switch over onto the other track to cross the railway tracks, and the flagman gave the signal to proceed. The appellant, who was traveling in an automobile, started at approximately the same time, and was driving, as he had theretofore been as he approached the railway tracks, within two feet of the west rail of the west street-car track. As he was

crossing the railway tracks, a flagman or some other person waved to him a salute, and he, in turn, turned his head and waved back. The automobile was traveling at a speed of from twelve to fifteen miles an hour. When the appellant turned his head back to look straight ahead, the street-car had just reached the west track, and the left front of the automobile collided with the left front of the street-car. It is for this accident that the recovery in damages is sought.

There was no traffic at the time between the west curb and the street-car track which made it necessary for the appellant to drive in close proximity to the tracks. The appellant saw the street-car, and the motorman saw the automobile after the steam railway train had passed and the flagman had given the signal to proceed.

■ Whether the respondent was guilty of negligence because the motorman did not again sound the gong as the street-car entered upon the west track is a question which we shall pass without discussion or decision, because it seems plain that the appellant was guilty of contributory negligence, as a matter of law. There was nothing to prevent the appellant from seeing and knowing that there was but a single street-car track across the railway crossing, and that the street-car, which was approaching in front of him, would necessarily come onto that track. There was a space of eighteen feet between the west rail of the street-car track and the curb, all of which was available to the appellant at the time. The appellant cannot excuse himself from failing to see the street-car switching over in time for him to have turned out and avoided the collision by reason of the fact that he turned his head to respond to a salute of the flagman or some other person. When the appellant turned his head, after making the salute, the front of the auto-

mobile was so near the front of the street-car that it was impossible for him to turn out in time to avoid the impact.

The fact that the appellant testified that he did not see or know that there was but a single street-car track across the steam railway tracks does not excuse him, because the situation was plainly visible, and it must be held that he either saw or should have seen the situation. *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784; *Steinheim v. Nicholas,* 171 Wash. 614, 18 P. (2d) 836.

The appellant says that, since there was but a single street-car track, which was entirely west of the center of the street crossing the railway tracks, the situation was so extraordinary and unusual as to make a question for the jury. But with this contention we cannot agree, since, if the situation was extraordinary and unusual, the appellant, had he been exercising ordinary care, would have seen and known that there was but a single street-car track across the railway tracks.

The case of *Cleveland Ry. Co. v. Duralia,* 30 Ohio App. 389, 165 N. E. 358, is distinguishable, in that, there, the evidence showed that the plaintiff, while driving on the single street railway track, "finding it impossible to leave the tracks upon which he was driving and to turn aside from the street-car, stopped his automobile in order to avert a collision, . . ."

The case of *Kitchen v. Tacoma Railway & Power Co.,* 146 Wash. 383, 262 Pac. 961, is based upon very different facts. There, as appeared from the evidence, there was a reason why the plaintiff should be driving upon the street-car track rather than nearer the curb, and there was a reason why the driver would believe that the street-car was going in the opposite direction, rather than approaching him. In that case, the accident happened at night.

Under the undisputed facts, the conclusion that the appellant was guilty of contributory negligence, as a matter of law, is irresistible.

The judgment will be affirmed.

BEALS, C. J., STEINERT, MITCHELL, and TOLMAN, JJ., concur.