[No. 24658. Department One. November 7, 1933.]

E. A. WEINMAN *et al., Appellants,* v. PUGET SOUND POWER & LIGHT COMPANY, *Respondent.*[1]

[1]Reported in 26 P. (2d) 395.

74

*Geo. D. Lantz,* for appellants.

*Ralph S. Pierce, Edwin J. Cummins,* and *Edmund Stafford,* for respondent.

STEINERT, J.—This is an action for damages to person and property. At the conclusion of plaintiffs' evidence, the court granted a motion for nonsuit and thereafter entered a judgment of dismissal with prejudice. The plaintiffs have appealed. E. A. Weinman will, for convenience sake, be hereinafter referred to as though he were the only appellant.

There is but one question before us; that is, whether the evidence was sufficient to carry the case beyond the motion for nonsuit.

■ We begin with a reference to the well-established rule that a challenge to the sufficiency of the evidence, or a motion for nonsuit, admits the truth of the plaintiff's evidence and all inferences that can be reasonably drawn therefrom, and requires that the evidence be interpreted most strongly against the defendant in the case. *Harris v. Saunders,* 108 Wash. 195, 182 Pac. 949; *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657.

Reviewing appellant's evidence in the light of this rule, the facts may be summarized as follows: Appellant was driving an automobile south along Sixth avenue northwest, which is a paved and well-traveled street, toward west Eighty-ninth street, just outside the city limits of Seattle. It was raining hard at the time and a strong wind was blowing, necessitating the operation of the windshield swipe on appellant's car. A truck, with trailer attached, loaded with two electric

light poles, was standing on the west side of Sixth avenue northwest near west Eighty-ninth street, with its right wheels off the pavement. The truck was about twenty feet long, and the trailer was the ordinary one having a single set of two wheels. The two poles were about sixty feet in length, with a combined diameter of about twenty inches at the rear end, and were projecting back and outward from the trailer. One of the poles was freshly peeled. At the end of one of the poles was a red flag or cloth about the size of a man's hand; the cloth, however, was wet and clung to the pole. Under the statute, respondent was required to carry a red flag or cloth, not less than sixteen inches square, at the extreme end of the load, as a warning signal to persons operating vehicles and approaching from the rear. Rem. Rev. Stat., § 6362-32. The truck had stopped to permit its occupants, five in number, to go over to a store diagonally across the street, to make some small purchases.

Appellant first observed the truck and trailer, standing still, as he came over the crest of a low hill about one hundred feet away. He did not at that time, however, see the poles, at least not distinctly, nor did he at any time prior to the collision see the red flag attached to the end of one of the poles. As he arrived at a point about fifty feet from the "contraption," as appellant termed the truck and trailer with its load, and while it was still stationary, he began to veer his course to the left with the intention of passing it. He was driving at a rate of twenty-five miles, or less, per hour.

In the meantime, the men in charge of the truck had returned and reentered it. Their destination lay somewhere west of the intersection of the two streets. The truck started up and turned to its right at the intersection, causing the end of the poles to move in an

arc toward the left and across Sixth avenue northwest: As appellant arrived at a point about fifteen feet back of the end of the load projecting from the trailer, the poles suddenly swung to the left in front of him, extending entirely across and beyond the east side of the road and completely blocking his progress.

. Appellant immediately applied his brakes, which were in good working order, but he was unable to bring his car to a stop in time to avoid a collision. The car struck the side of one of the poles about ten feet from its end. The body of the car, with its occupants, passed underneath the poles, but the top of the car and the upper part of its windshield were torn off by the impact. Appellant escaped unhurt, but Mrs. Weinman sustained severe injuries. No signal had been given that the truck would turn to its right at the intersection, nor was any warning given that the poles would swing out and across the street.

■■ These facts, which are supported by the evidence, seem to us to make a clear case for the jury, and, without anything to the contrary, would have supported a verdict in appellant's favor. There was some evidence from one of appellant's witnesses that conflicted to some extent with appellant's testimony, but it is well settled that, upon a conflict between the testimony of a party to an action and that of one of his own witnesses, the party is not bound by the testimony of the witness, and it is the province of the jury, not of the court, to determine the fact from the evidence. *Harris v. Saunders,* 108 Wash. 195, 182 Pac. 949; *Hahn v. Brickell,* 140 Wash. 412, 249 Pac. 780; *Quitslund v. Barton & Co.,* 143 Wash. 444, 255 Pac. 666.

■ Respondent's motion for nonsuit and the court's ruling thereon were based upon the ground that appellant saw, or should have seen, the poles extending across the highway in time to have avoided

the collision, had he been maintaining a proper lookout. Respondent invokes the familiar rule that when a party testifies that he looked but did not see an object which plainly he could have seen, he will not be heard to say that he looked and did not see. The situation in such case is the same as though he had looked and had seen the object. *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784; *Steinheim v. Nicholas,* 171 Wash. 614, 18 P. (2d) 836; *Campbell v. Spokane United Railways Co.,* 174 Wash. 347, 24 P. (2d) 1068.

The rule announced in those cases was quite applicable to the facts there involved, but we have quite a different set of facts here. The visibility of the surroundings was low, at best, on account of the inclement weather. What appellant saw, and what he must be held to have seen, before the collision was merely a stationary object, which he took due precaution to avoid. The poles with which he collided were at such an elevation and so placed that they presented to him little more than an end view, not a full side view. And, finally, the inference is almost irresistible that there would have been no collision had the poles not suddenly swung around in front of appellant at a time when, by the exercise of due care on his part, it was too late to avoid the accident.

The facts in this case, as we have outlined them, are similar, in varying extent, to those in the following cases, in each of which it was contended that the plaintiff was guilty of contributory negligence, but in which recovery was nevertheless authorized: *Quitslund v. Barton & Co.,* 143 Wash. 444, 255 Pac. 666; *Kitchen v. Tacoma Railway & Power Co.,* 146 Wash. 383, 262 Pac. 961; *Pozar v. Blankenship,* 154 Wash. 261, 282 Pac. 52; *Jellum v. Grays Harbor Fuel Co.,* 160 Wash. 585, 295 Pac. 939; *Layton v. Yakima,* 170 Wash. 332, 16 P. (2d) 449.

Whether the appellant should have seen the poles in their turning movement in time, by the exercise of reasonable care, to have avoided the collision, was, under the circumstances, a question for the jury, and not for the court, to decide.

The judgment is reversed, and the cause remanded for a new trial.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.