[No. 27891. Department Two. August 6, 1940.]

JOHN E. LINDBERG et al., *Appellants,* v. FREDDIE STEELE et al., *Respondents.*[1]

[1]Reported in 104 P. (2d) 940.

*Little & Leader,* for appellants.

*A. L. Lee* and *Ballinger, Hutson & Boldt,* for respondents.

STEINERT, J.—Plaintiffs, husband and wife, brought suit to recover damages for personal injuries sustained by the wife, a pedestrian, when struck by an automobile driven by defendant Freddie Steele. At the conclusion of plaintiffs' case, tried before a jury, defendants moved for dismissal of the action on the ground that it appeared from the evidence that the pedestrian wife was guilty of contributory negligence as a matter of law. The motion was granted, judgment of dismissal was entered, and plaintiffs appealed. For convenience, we shall refer to appellant Beldena C. Lindberg as though she were the sole appellant, and to respondent Freddie Steele as though he were the sole respondent.

The only question involved in this appeal is whether or not, under the evidence, appellant was guilty of contributory negligence as a matter of law.

A challenge to the sufficiency of the evidence, or a motion for nonsuit, admits the truth of the plaintiff's evidence and all inferences that reasonably can be drawn therefrom, and requires that the evidence

be interpreted most strongly against the defendant, and in the light most favorable to plaintiff. *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Weinman v. Puget Sound Power & Light Co.,* 175 Wash. 73, 26 P. (2d) 395; *Buttnick v. J. & M., Inc.,* 186 Wash. 658, 59 P. (2d) 750; *White v. Consolidated Freight Lines,* 192 Wash. 146, 73 P. (2d) 358; *Vercruysse v. Cascade Laundry Co.,* 193 Wash. 184, 74 P. (2d) 920; *Perren v. Press,* 196 Wash. 14, 81 P. (2d) 867; *Gibson v. Spokane United Railways,* 197 Wash. 58, 84 P. (2d) 349; *Beck v. Dye,* 200 Wash. 1, 92 P. (2d) 1113; *Pyle v. Wilbert,* 2 Wn. (2d) 429, 98 P. (2d) 664.

In the determination of such challenge or motion, even though the plaintiff's evidence is in some respects unfavorable to her, she is not bound by the unfavorable portion of such evidence, but is entitled to have her case submitted to the jury on the basis of the evidence which is most favorable to her contention. *Harris v. Saunders,* 108 Wash. 195, 182 Pac. 949; *Hahn v. Brickell,* 140 Wash. 412, 249 Pac. 780; *Quitslund v. Barton & Co.,* 143 Wash. 444, 255 Pac. 666; *Weinman v. Puget Sound Power & Light Co.,* 175 Wash. 73, 26 P. (2d) 395.

Stated according to the requirements of these rules, appellant's evidence may be summarized as follows: East Madison street, in Seattle, is an arterial highway running in a northeasterly and southwesterly direction. In the vicinity of the place where the accident occurred, that street is forty-two feet in width from curb to curb. In the middle portion of the street is a double set of street car tracks. Eighteenth avenue crosses east Madison street in a northerly and southerly direction. Both streets are paved. From Seventeenth avenue, East Madison street slopes downward toward Eighteenth avenue at a grade of one per cent for a distance of about eighty feet, and then continues at a grade

of three per cent for a distance of three hundred feet until it reaches the intersection with Eighteenth avenue; east of that intersection, East Madison street has a down grade of eight per cent. West of Seventeenth avenue, East Madison street is practically level for about one hundred and fifty feet, and then slopes toward the west at a pronounced grade. Vehicular traffic moving eastward on East Madison street thus ascends a hill until it reaches the vicinity of Seventeenth avenue, and then proceeds downhill to, and beyond, Eighteenth avenue. In the intersection of East Madison street and Eighteenth avenue is suspended a one-hundred-watt overhead lamp.

At about 5:15 on a December evening, appellant, a woman sixty-three years of age, was walking northwardly along the sidewalk on the east side of Eighteenth avenue, approaching East Madison street. It had been raining earlier in the afternoon, but at the time of the accident the weather was clear and calm. Arriving at the southeast corner of the intersection, appellant paused, looked to her right and left, and waited until traffic had cleared in both directions. She then proceeded forward at a normal gait in the regularly allotted, though unmarked, pedestrian crosswalk. In her progress toward the center line of East Madison street, appellant looked intermittently toward her left, but observed no traffic approaching. On reaching the second, or inside, rail of the eastbound street car track, she looked to her right to observe whether or not any traffic was approaching from that direction. Proceeding forward, she had reached the center line of East Madison street, and was in the act of stepping over the nearest rail of the westbound street car track, when suddenly respondent's car, traveling eastwardly along East Madison street at a speed of approximately forty miles per hour, passed immediately in front of her,

causing appellant to collide with the rear right side of the car and throwing her to the pavement.

Respondent had made no attempt to reduce his speed, nor had he given any warning of his approach. There was evidence that respondent's car had skidded on the street car rails, within the intersection, and had swerved toward the left immediately before striking appellant. There was also evidence to the effect that respondent thought that appellant was proceeding toward the south, instead of toward the north, and that he was under the impression that he was passing behind her. In any event, respondent's car was on the wrong side of the street at the time of the impact.

■ Upon this evidence, it seems clear to us that appellant made a case for the jury, and that it cannot be held that she was guilty of contributory negligence as a matter of law.

If appellant is to be held guilty of contributory negligence as a matter of law, it must be, as respondent contends, either because she failed "to take proper or any observation of approaching traffic," or else, because she continued forward blindly at the moment that respondent's car was passing her, and walked directly against the side of his car.

We have repeatedly held that a pedestrian who, before crossing a street at an intersection, looks for approaching traffic, is not guilty of contributory negligence *as a matter of law* merely because he fails to look either continuously or for a second time while proceeding across. Such situations ordinarily present a question of fact to be determined by the jury. *Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756; *Woodbury v. Hoquiam Water Co.,* 138 Wash. 254, 244 Pac. 565; *Hooven v. Moen,* 150 Wash. 8, 272 Pac. 50; *Hiteshue v. Robinson,* 170 Wash. 272, 16 P. (2d) 610;

*Ahrens v. Anderson,* 186 Wash. 182, 57 P. (2d) 410; *Shephard v. Smith,* 198 Wash. 395, 88 P. (2d) 601.

In *Ahrens v. Anderson, supra,* we said:

"Whether a pedestrian, who before crossing a street at a regular street crossing looks for traffic but fails to look again after starting to cross, is guilty of contributory negligence, depends on many circumstances and conditions, such as the amount of traffic, the distances of approaching vehicles, the necessity of observation in other directions, the existence of statutes or ordinances giving pedestrians the right of way, and other elements. The question is ordinarily one that must be decided as a question of fact, and not as a matter of law."

It will be noted from our statement of the instant case that there was evidence that appellant looked to her left for traffic, not only while she was still at the curb but also intermittently during her progress across the street. Upon that evidence, there is even less reason for holding her guilty of contributory negligence as a matter of law than there would be if she had looked only while at the curb, and, conversely, greater reason for submitting the question to the jury.

With reference to respondent's contention that appellant was negligent in continuing forward blindly and walking directly into the side of his car, it is to be borne in mind that appellant had reached a point midway across, or slightly beyond the center line of, the street, that she was then in a position of relative safety, so far as regular traffic moving eastward was concerned, and that, at that time, she was required to give her attention to traffic coming from the opposite direction. Had she at that time looked to her left and actually seen respondent's car bearing down upon her, it is exceedingly doubtful that she could have done anything to avoid being injured. At any rate, we are clearly of the opinion that the question of contributory

negligence, under those circumstances, was a question for the jury.

Respondent cites and relies upon the following cases: *Silverstein v. Adams,* 134 Wash. 430, 235 Pac. 784; *Steinheim v. Nicholas,* 171 Wash. 614, 18 P. (2d) 836; *Tomchak v. Poland,* 185 Wash. 101, 52 P. (2d) 1262; *Hamblet v. Soderburg,* 189 Wash. 449, 65 P. (2d) 1267; *Estill v. Berry,* 193 Wash. 10, 74 P. (2d) 482; *Turnquist v. Rosaia Bros.,* 196 Wash. 434, 83 P. (2d) 353; *Davis v. Pinkerton,* 199 Wash. 579, 92 P. (2d) 706. For various reasons, those cases are not controlling of the present situation.

In the *Silverstein* case, *supra,* the plaintiff, although he looked to his left, failed to see what was plainly to be seen, and stepped from a curb immediately into the path of an oncoming automobile.

In the *Steinheim* case, *supra,* which was tried to the court without a jury, the court found, upon all of the evidence, that the plaintiff was guilty of contributory negligence as a matter of fact.

In the *Tomchak* case, *supra,* it clearly appears from the opinion that the plaintiff pedestrian took no precaution whatever to insure his safety.

In the *Hamblet* case, *supra,* the facts and the decision are summed up in these words:

"Where, as here, no attempt at observation is made and especially where one steps out from behind an obscuring object, the pedestrian is guilty of negligence as a matter of law.

"This conclusion seems to be self-evident."

In the *Turnquist* case, *supra,* this court reversed an order granting a new trial after the jury had returned a verdict in favor of defendant, in an action involving a collision between an automobile and a pedestrian at an intersection common to four streets. Holding that

the pedestrian was guilty of contributory negligence as a matter of law, this court said:

"The right of way which a pedestrian enjoys at such a street intersection as this does not extend so far as to protect him in running blindly forward into the path of automobiles which he knows are approaching. Respondent testified positively as to just what he saw and what he did. He ceased to observe the approaching cars, and ran rapidly into their path. Respondent was clearly guilty of negligence which proximately contributed to his injury, in that he failed to take the most simple precautions for his own safety, and on the contrary, blindly ran into a position of great danger."

In the *Estill* case, *supra,* plaintiff had proceeded ten or twelve feet into the street at an intersection, when she collided with defendant's car, which was passing in front of her. The jury returned a verdict for the defendant, and, on plaintiff's motion, the trial court entered an order granting a new trial. On appeal, that order was reversed on the ground that plaintiff was guilty of contributory negligence as a matter of law. While in point of fact that case bears some resemblance to this, it differs materially in certain respects. There, the plaintiff had not yet reached the center line of the street, while here, appellant had passed beyond it. There, the defendant was driving his car at a moderate speed and was proceeding in a proper course. Here, the respondent was driving at an unlawful rate of speed, approximately forty miles per hour, and either skidded in front of appellant, or else was endeavoring to pass in front of her on his wrong side of the street. As stated in the *Estill* opinion:

"This [defendant's] car *was proceeding* directly across Olive way and was *plainly* visible to anyone occupying respondent's [plaintiff's] position *as she started and continued* across Boren Avenue. Notwithstanding this, respondent proceeded on her way and,

walking rapidly, collided with the side of the automobile." (Italics ours.)

The opinion recognized the rule laid down in *Ahrens v. Anderson, supra,* and it is apparent from the discussion in the case and from the line of authorities cited therein that the basis of the court's decision was that the plaintiff had failed utterly in her duty to exercise reasonable care for her own safety.

The case of *Davis v. Pinkerton, supra,* did not involve a collision at an intersection, but a collision that occurred on a highway outside the city limits, at a point where there were no crosswalks nor any provision for pedestrian traffic. After a careful analysis of the evidence in that case, this court felt convinced that the plaintiff was guilty of contributory negligence as a matter of law, because after alighting from an automobile at a point where her view was obstructed by a truck parked at the side of the highway, and without first looking for approaching traffic, she had run or walked hastily in a diagonal direction across the road, directly into the path of an oncoming car. The opinion was rested squarely on the case of *Hamblet v. Soderburg, supra,* and quoted the very paragraph which we have hereinabove quoted from that case.

All of the cases on which respondent relies involved situations in which the injured party took *no* precaution to insure his, or her, safety. In the case at bar, however, the appellant did take some precaution, and whether or not that precaution was sufficient under the circumstances was clearly, in our opinion, a question for the jury to decide.

The judgment is reversed, and the cause remanded for further proceedings.

BLAKE, C. J., BEALS, MILLARD, and DRIVER, JJ., concur.