[No. 23812. Department Two. January 4, 1933.]

F. CUSHING MOORE, *Appellant*, v. SAM J. WILSON *et al.*, *Respondents*.[1]

*Lucius G. Nash, Harry Rosenhaupt, Berkey & Cowan*, and *Turner, Nuzum & Nuzum*, for appellant.

*Lund & Dodds*, for respondents.

BEALS, J.—Plaintiff (a mining engineer by profession) in his second amended complaint alleged that, at all times therein mentioned, he was the owner of twenty thousand shares of the capital stock of Golconda Lead Mines Company; that, February 14, 1929, a pooling contract was entered into between defendant Charles P. Lund, as trustee, first party, the defendant American Bank of Spokane (for which has been

[1]Reported in 17 P. (2d) 852.

substituted C. S. Moody, state supervisor of banking), as escrow holder, second party, and plaintiff, together with other stockholders in the Golconda Co., third parties; that, by the terms of this contract, plaintiff's twenty thousand shares of stock, together with many shares of stock held by the remainder of third parties to the contract, were pooled and deposited with the American Bank, it being agreed that the pooling contract should remain in force until April 30, 1929.

That, on the date last mentioned, defendant Lund, as trustee, defendant American Bank, as escrow holder, and certain other stockholders of the Golconda Co., whose stock was pooled under the contract above referred to, undertook by a written instrument to extend the pooling agreement until May 31, 1929; that plaintiff did not sign the extension agreement or authorize anyone to execute the same on his behalf, that he had no notice of the making of the extension agreement until several days after the same was executed, and that his stock was included therein without authority; that, as soon as he learned of the extension agreement, plaintiff demanded that his stock be released from the pooling agreement, as extended, and delivered to him.

Plaintiff further alleged that, April 1, 1929, defendant Sam J. Wilson demanded that plaintiff execute his promissory note in the sum of $11,400, payable to Wilson on demand, and that plaintiff's twenty thousand shares in the Golconda Co., then subject to the pooling agreement, be pledged as collateral security for the payment of the note; that plaintiff complied with Wilson's request, and executed his note and pledged the stock, as requested; that defendant Wilson, contrary to the terms of the pledge agreement and without plaintiff's knowledge or consent, caused plaintiff's twenty thousand shares of stock to be in-

cluded in the pooling extension agreement, thereby depriving plaintiff of his dominion and control thereof; that all of the defendants well knew that plaintiff was the owner of the twenty thousand shares of stock, and that plaintiff had not authorized the inclusion thereof in the extension of the pooling agreement; that defendants unlawfully conspired with one another to keep plaintiff's stock in the pooling agreement and off the market for defendants' mutual advantage, and without any legal right or authority.

That, May 11, 1929, plaintiff tendered to defendants $11,400, with interest, according to the terms of the promissory note above referred to, and demanded of defendants, severally and individually, that they surrender the promissory note and plaintiff's stock, and that defendants refused to comply with plaintiff's demand, and held plaintiff's stock until the expiration of the extension of the pooling agreement; that the Golconda stock May 1, 1929, had a current cash market value of $1.82 per share, that, May 11 following, its market value was $1.64 per share, and that, had plaintiff been able to secure possession of his stock, he could have sold the same for $36,400; that, because plaintiff was unable to procure his stock until May 31, on which date the stock was worth only $1.31 per share, plaintiff had suffered damage in the sum of $10,200, for which amount plaintiff prayed for judgment.

Defendants American Bank and Lund answered, denying all the material allegations of plaintiff's complaint. Defendant Wilson in his answer, after denials, pleaded affirmatively that Northwest Mines Investment Company was a corporation organized under the laws of the state of Washington, engaged in the business of buying and selling mining stocks; that, July 2, 1928, the Northwest Co. sold plaintiff ten thousand shares of Golconda stock, and that, during the month of Janu-

ary, 1929, the same company sold plaintiff another block of ten thousand shares of the stock, and that this stock was left with the Northwest Co. as security for the purchase price thereof. Defendant further answered that the promissory note referred to in plaintiff's complaint was for the same debt due the Northwest Co. on account of the purchase price of the stock. In his reply, plaintiff admitted the corporate existence of the Northwest Co., but pleaded that the same was an instrumentality employed by defendant Sam J. Wilson for his own benefit.

The action was tried to the court sitting with a jury, and at the close of plaintiff's case, the defendants severally challenged the sufficiency of the evidence to sustain plaintiff's cause of action as against the defendants, or any of them, which challenge the court sustained and discharged the jury. From a judgment dismissing the action pursuant to this ruling of the court, plaintiff appeals.

It appears from appellant's evidence that, May 11, 1929, appellant tendered to the respondents the amount due on the promissory note which he had theretofore executed in favor of Mr. Wilson. The note was then in the possession either of Mr. Wilson or Northwest Co., and neither respondent Lund nor American Bank had possession thereof, nor had any information concerning the status of the stock as between appellant and his vendors. Appellant's signature to the original pooling agreement was procured by persons other than respondent Lund or the bank, no depository receipt for any shares was issued to appellant, and the evidence fails to disclose that any stock certificate in appellant's name was ever deposited with respondent bank as escrow holder.

It does not appear that respondent Charles P. Lund, as trustee, had any control over the stock, which was

held by the bank in escrow, the trustee being charged only with certain duties in connection with the sale of shares covered by the pooling agreement and in connection with other matters particularly mentioned in the *tripartite* contract. Appellant testified that the pooling agreement was brought to him for his signature by respondent Wilson, and that he never discussed the matter with any officer or agent of respondent bank, his dealings having been entirely with Mr. Wilson.

We are unable to find any testimony in the record which, to even the least extent, substantiates the material allegations of appellant's complaint against respondent Charles P. Lund or the American Bank.

Appellant bought the stock from Northwest Mines Investment Company (though contending he was actually dealing with Wilson, who was its managing agent). The record shows transactions with the corporation, which appellant refers to as his "Wilson account."

On cross-examination, appellant admitted telegraphing the Old National Bank of Spokane, requesting them to take up his note for $11,400, "held by Northwest Mines and draw down twenty thousand Golconda held by them;" and that, under date May 9, 1929, he wrote Northwest Mines Investment Company, instructing the corporation that, upon payment of his note by Old National Bank, it should deliver to the bank "twenty thousand shares Golconda Lead Mines stock now held by you as security for said loan." On the same date, in a letter to the bank, appellant again referred to the note as held by Northwest Mines Investment Company, and sent to the bank an order on this corporation for the stock. Two days later, appellant again wrote Old National Bank, referring to its

former letter enclosing the order on Northwest Mines Investment Company.

There is other evidence in the record clearly showing that appellant, in the matter of the purchase of his Golconda stock, was dealing with Northwest Mines Investment Company. Appellant's insistence on the trial of the action that he was dealing with Mr. Wilson personally and not with Northwest Mines Investment Company, and that he did not differentiate between Mr. Wilson and the corporation, is entirely insufficient to contradict the other evidence in the case, including many writings, and cannot carry the case to the jury upon any issue as to Mr. Wilson's personal liability to appellant.

In his assignments of error, appellant assumes that the trial court directed a verdict in favor of respondents. This is not borne out by the record. Respondents challenged the sufficiency of the evidence to support a verdict in appellant's favor, and the trial court sustained the challenge, discharged the jury and dismissed the action.

Appellant cites the opinion of this court in the case of *Harris v. Saunders,* 108 Wash. 195, 182 Pac. 949, in which this court stated that a challenge to the sufficiency of the evidence can be sustained

" . . . only if there was no substantial evidence on the part of the appellant tending to support the material issues. Disputes in the evidence, and disputed inferences arising from the evidence, were for the jury to determine, not the trial judge."

With this statement of the law, we are in complete accord, but we are also clearly of the opinion that the record now before us discloses no substantial evidence whatever tending to support the material issues of appellant's complaint. The evidence is long, and a detailed analysis thereof would be profitless. It cannot

be held that appellant's mere statement as to what he intended or what he thought, was sufficient to carry to the jury any issue of fact as against the entire evidence herein, showing plainly and conclusively what appellant actually did.

The trial court did not err in sustaining respondents' challenge to the sufficiency of the evidence, or in dismissing the action.

Judgment affirmed.

TOLMAN, C. J., STEINERT, and MAIN, JJ., concur.