[No. 19866.  Department Two.  October 8, 1926.]

GRACE HAHN, *Respondent,* v. EDNA BRICKELL *et al.,* *Appellants.*[1]

[1] TRIAL (54)—TAKING QUESTION FROM JURY — CONFLICTING EVIDENCE. Upon a conflict in the testimony of a party and one of his own witnesses, who failed to corroborate him, it is the province of the jury to determine the fact, and the party is not bound by the testimony of his witness.

[2] NEW TRIAL (38)—GROUNDS—NEWLY DISCOVERED EVIDENCE—IMPEACHMENT OF WITNESS. It is not error to deny a new trial for newly discovered evidence that goes only to the credibility of the witnesses.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered October 24, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Robertson & Paine,* for appellants.

*Corkery & Corkery,* for respondent.

[1]Reported in 249 Pac. 780.

MAIN, J.—When this case was here upon the former appeal, 135 Wash. 189, 237 Pac. 305, the judgment was reversed and the cause remanded for a new trial because of error in the admission of testimony.

Upon the second trial, at the conclusion of the evidence, the defendants challenged the sufficiency thereof and moved for a directed verdict, which motion was denied and the cause submitted to the jury. A verdict was returned in favor of the plaintiff and, after a motion for new trial had been made and overruled, judgment was entered upon the verdict, from which the defendants appeal. The preliminary facts are sufficiently stated in the former opinion and need not be here repeated.

[1] The appellants claim that the evidence supporting the respondent's case was not of that clear and convincing character which would sustain a verdict in her favor. The respondent testified upon the second trial, as she did upon the first, unequivocally and positively, to misrepresentations as to the income from the hotel and the price at which the rooms were rented. Upon the former appeal, it was held that the evidence was sufficient to take the question to the jury. This is sought to be avoided upon the present appeal by urging that the respondent's testimony upon the second trial was somewhat weakened and that, having called a witness in her behalf who did not corroborate her testimony but disputed the facts to which she testified, she is bound by this testimony. We think that it was upon the second trial, as upon the first, for the jury to determine whether the respondent was defrauded when she purchased the hotel. The fact that she called a witness who testified against her on material matters would not overcome her testimony upon the same subject. It was the province of the jury to determine whether the respondent or the witness whom she called

was testifying correctly as to the facts.  In *Lindquist v. Pacific Coast Coal Co.*, 81 Wash. 73, 142 Pac. 445, it was said:

"The court, in passing upon the motion for a nonsuit, was of opinion that the testimony of one of the witnesses called on behalf of the plaintiffs exonerated the defendant from all blame.  We have read the testimony of the witness and, without reviewing it, we are satisfied that it will not bear the construction put upon it by the trial judge.  Admitting that it is not in entire harmony with plaintiff's theory of the case, it is, nevertheless, no more than the testimony of one witness.  It was the province of the jury to weigh and harmonize it, if possible, or to accept it or reject it, as they saw fit, considering all the facts and circumstances of the case."

The case of *Fillmore v. Union Pacific Railroad Co.*, 2 Wyo. 94, cited by the appellants is different.  There, the witnesses called by one party established a vital fact against him and there was no other evidence. Here, as already stated, the respondent's evidence was direct and positive and such as the jury might accept as clear and convincing.  The evidence of the other witness called by her, testifying to a different state of facts, would not authorize the taking of the case from the jury.

[2]   The other contention of the appellants is that the motion for a new trial should have been granted in order that they might supply evidence upon another trial which they did not have upon this one. The claimed newly discovered evidence would only go to the credibility of the respondent, and it was not error to refuse a new trial for this reason. *State v. Beeman*, 51 Wash. 557, 99 Pac. 765; *State v. Gay*, 82 Wash. 423, 144 Pac. 711.  Upon the trial, on cross-examination the respondent was asked if she had not been convicted of vagrancy and she answered that she had not.  The affidavits in

support of the motion for a new trial would indicate that there had been such a conviction in the police court. This evidence, if received, would have no bearing upon the merits. Under the holding of the cases cited and others that might be assembled the motion for a new trial was correctly overruled.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, and PARKER, JJ., concur.