[Civ. No. 937. Fourth Appellate District.—August 5, 1932.]

GEORGE E. TOBY, Respondent, v. W. B. HUBBARD et al., Appellants.

Harry P. Sweet for Appellants.

Fitzgerald & Selleck for Respondent.

BARNARD, P. J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action for damages growing out of a collision between two automobiles. As the respondent was driving his machine along his own right-hand side of a paved highway, having recently entered the same, he observed another automobile, driven by the appellant Hubbard and owned by the other appellants, approaching on its left-hand side of the highway and apparently passing another car. The respondent slowed down, apparently almost to a stop, to allow the approaching car to cross over to its proper side of the highway, but, instead of so crossing over, that car maintained its course on its extreme left-hand side of the road and struck the respondent's car head-on.

The principal point raised by appellants is that the respondent was guilty of contributory negligence, as a matter of law. In support of their contention they rely entirely upon the respondent's own testimony, which they thus summarize: "On the 24th day of April, 1930, he had a collision with another automobile on the southerly edge of the Town

of Fallbrook, when he had come from Live Oak Park; that he entered the paved highway at the intersection known as the Live Oak intersection after he had made a boulevard stop; that he very cautiously approached the intersection from the east going west; that this intersection is a blind intersection, and is slightly down grade and in his opinion a very dangerous one for traffic that might be coming onto the highway from the Live Oak Road; that his car was in low gear; that he continued in low gear and turned north onto the highway and shifted into intermediate when he saw two cars coming; that the cars in his judgment were some four hundred or more feet from the intersection; that both cars were going south, one being on his side of the highway and nothing to obstruct that car from coming across to its own side of the highway; that he stepped his gear up with intentions of going into high; that he continued to watch the car and saw that it continued, even though it had gone considerably ahead of the other car on plaintiff's side of the highway. He took his foot off the accelerator, slowed down and then realized that this automobile was going to hit him; that he had slowed his car down at that time to such a slow speed that he could not take the shoulder of the road; all that he had time to do was to put his foot on the clutch and the brake and wait for the shock.''

Appellants also set forth in their brief the testimony of the respondent as given upon cross-examination, which adds nothing to the above summary, so far as the question before us is concerned. The respondent also testified that he saw these two cars approaching, the appellants' car being on his side of the highway ''seemingly as though'' it had passed the other car, both cars being far enough away, the appellants' car being in advance of the other, and there being nothing to obstruct its driver from going across to his own side of the highway.

The general rule as to when a question of contributory negligence is one of fact and when one of law is thoroughly established and is thus stated in *Moss* v. *Boynton,* 44 Cal. App. 474 [186 Pac. 631, 632]: ''Contributory negligence 'is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence. . . . When the evidence is such

that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then and only then, does the law step in and forbid plaintiff a recovery. . . . Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' ''

■ We think the application of this rule to the facts of this case leads inevitably to the conclusion that the question of contributory negligence was one of fact for the court. It can hardly be said that from these facts reasonable men could draw but one inference and that pointing unerringly to the negligence of the respondent contributing to his own injury. On the other hand, it would appear entirely reasonable that this respondent, seeing the other car apparently passing another automobile, with plenty of room to return to its own side of the road, might naturally expect this to be done and rely upon it, and that in slowing down almost to a stop, thus giving the other car additional opportunity to cross to the other side of the road, the respondent did all that could be expected of a reasonable man under such circumstances. It would also seem, with the other car coming at forty miles an hour, as shown by the evidence, that the period of time available to the respondent to get out of the way, after it became apparent that the other car was not going to change its course, must have been extremely short and such as might very easily have made it impossible for the respondent to get off the highway. The question was therefore one of fact for the trial court, which by its judgment placed the blame on the party who, without excuse, was traveling on the wrong side of the road.

■ The only other point raised is that the court erred in disregarding the testimony of both parties and ''deciding the case on a theory of his own''. The argument made is that the court disregarded the testimony as to how far the respondent could see along the road and, as a result, refused to consider the defense that the respondent had the last clear chance to avoid the collision in question. ■ Reliance is placed upon the opinion of the trial judge upon deciding the case. It has frequently been pointed out that

such an opinion is not a part of the record and is in no way conclusive upon the appeal. Even at that, the appellants rely upon only a portion of that opinion, taken apart from its context. While expressing doubt as to whether the respondent actually was able to see for a distance of four hundred feet along the highway at the time he was making the turn from the intersecting street, the court stated that he might well have been able to see for that distance after he had driven upon the pavement. The court then went on to point out a number of respects in which the evidence indicated that after the respondent realized his danger he had no opportunity to avoid the collision. In effect, the court held that the respondent did not have the last clear chance to avoid the accident, and the evidence strongly supports that conclusion. ▪ Every inference and intendment must be taken in support of the judgment; and the court could have well invoked another rule of law to the effect that when a person is placed, without his fault, in a position of peril, he may not be held strictly accountable if, in the light of full deliberation, it finally appears that some other course might have been wiser than the one he instinctively followed. Were the reasoning of the trial court in this case to be considered, it fully supports the judgment rendered and contains nothing conflicting therewith.

For the reasons given, the judgment is affirmed.

Marks, J., and Harden, J., *pro tem.*, concurred.