[Civ. No. 3388.   Fourth Dist.   June 27, 1946.]

LORENA McCANCE, Respondent, v. MARTIN J. MONTROY, Appellant.

MARGARET ANN CROCKER, Respondent, v. MARTIN JOSEPH MONTROY, Appellant.

William K. Young for Appellant.

Ray Miller, C. H. Augustine and Arthur F. H. Wright for Respondents.

MARKS, J.—This is an appeal from a judgment in consolidated actions, whereby each plaintiff was awarded damages for personal injuries suffered in a motor vehicle collision between another automobile and one owned and operated by defendant in which plaintiffs were riding as guests.

The accident happened in the early hours of August 2, 1943, on Twelfth Street between ''J'' and ''K'' Streets in the city of San Diego, during the period that dim-out regulations were in effect. That it was caused by the negligence of defendant, induced by his intoxication, was established by the evidence. The finding to that effect is not questioned by defendant.

The sole ground urged for a reversal of the judgment is the contributory negligence of plaintiffs in riding in the automobile operated by an obviously drunk driver.

Defendant and two soldiers wound up an evening of drinking at the Botsford Hotel in San Diego where they met plaintiffs. Shortly before midnight defendant suggested that the five obtain something to eat at an all-night barbecue stand situated on Thirtieth Street not far from Market Street in San Diego. They left the hotel in the automobile of defendant which was being driven by one of the soldiers, Sergeant Darold H. Seat, who was not intoxicated and who seemed to be a competent driver. Sergeant Seat was not acquainted with San Diego streets and defendant tried to direct him to the barbecue stand without any success. The party finally found themselves at or near the corner of Thirty-second and ''K'' Streets where defendant directed Sergeant Seat to stop the car while he attempted without success to obtain more liquor. Just when defendant took the wheel of the car is not entirely clear. It was probably about six blocks from the place of the stop. Sergeant Seat tried unsuccessfully to dissuade defendant from driving. Defendant had been driving about 15 minutes before the accident hap-

pened. No one was able to tell the route he took during this time. The party found itself proceeding north on Twelfth Street near the gas tanks of the San Diego Gas and Electric Company. The collision happened shortly thereafter.

■ The question of the contributory negligence of the plaintiffs must depend on their duty, as reasonably prudent persons, to have left the automobile when it was stopped to permit defendant to take the wheel and thereafter drive the car. No contributory negligence as a matter of law can be imputed to them for entering the automobile at the Botsford Hotel for it was to have been driven by Sergeant Seat who was not intoxicated and who proved himself a competent driver.

The question of the duty of a guest to leave a car operated by an obviously drunk driver was discussed in *Lindemann* v. *San Joaquin Cotton Oil Co.*, 5 Cal.2d 480 [55 P.2d 870]. The opinion quotes from *Hirsch* v. *D'Autremont*, 133 Cal. App. 106 [23 P.2d 1066], as follows:

" 'We are also of the opinion that the question as to whether or not plaintiff should have left the car when it stopped at the railroad crossing to let the freight train pass, considering that it was among orange groves and in the middle of the night, even though she then knew. that the driver was under the influence of intoxicating liquor, is one upon which reasonable men might well differ and was in consequence one for the jury to determine.' " The Supreme Court then added the following: "The rule therefore is, what would a reasonable person have done in plaintiff's position, seeing what he saw, knowing what he knew in the light of the circumstances of his situation, and affected by the human propensities or elements which ordinarily enter into the formation of and influence the judgment."

While the place where defendant took the wheel is not exactly located, it was somewhere in the southeast section of San Diego not far from the Bay Front. Defendant commented on the locality as follows:

"Well, under ordinary circumstances a woman that would go down there alone at night it would not be safe. However, if a person in the process of arriving at a destination and under anything but ordinary circumstances, I would not say that it would be too unsafe if they were accompanied by males, because it is all really a slum district, as I know it, and it is patrolled. In fact, the proof of it is the ambulance

and the police got there almost immediately after the accident. As far as that goes I would not say that any place these days in San Diego was safe for women alone at night.''

Thus it appears that when defendant undertook to drive his automobile, plaintiffs were suddenly confronted with a dangerous situation not of their own making. They had the choice of remaining in the car and of facing the danger incident to riding with a drunk driver, or of leaving the automobile in ''a slum district'' of San Diego and facing the obvious dangers incident to two unattended women alone on darkened streets in such a district at about 1 o'clock in the morning.

We believe the rule ''to the effect that when a person is placed, without his fault, in a position of peril, he may not be held strictly accountable if, in the light of full deliberation, it finally appears that some other course might have been wiser than the one he instinctively followed'' should be applied here. (*Toby* v. *Hubbard,* 125 Cal.App. 261 [13 P.2d 869].) Plaintiffs were confronted with a sudden peril and the trial court was fully justified in concluding that they should not be held guilty of contributory negligence because subsequent events proved they had made an unwise choice in seeking to avoid that peril.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.