**Wiley J. ARNETT, Appellant,**

v.

**Mildred ARNETT, Appellee.**

Court of Appeals of Kentucky.

Sept. 21, 1956.

Ollie James Cockrell, Jackson, for appellant.

Marcus Mann, Salyersville, for appellee.

STEWART, Judge.

This is an appeal from a judgment of $3,500 awarded appellee, Mildred Arnett, the wife, against appellant, Wiley J. Arnett, the husband, for damages for injuries sustained in an automobile accident and for medical expenses and hospitalization incident thereto.

On November 13, 1954, at about 1:00 p. m., appellee was a passenger in an automobile owned and operated by appellant. When the car was approximately one mile from Salyersville in Magoffin County, it left the highway and overturned, causing appellee to suffer personal injuries, con-

sisting of a fractured left arm and a broken jawbone, the loss of several teeth and the loosening of others, and the acquisition of several cuts and bruises on her body. Appellee in her complaint alleged that her injuries were caused by the negligent operation of the automobile by appellant. The latter answered charging appellee was guilty of contributory negligence. The cause was submitted to a jury which returned a verdict for appellee in the sum above mentioned.

A reversal of the judgment is urged primarily on the theory that appellee was guilty of contributory negligence as a matter of law because on the occasion of her injuries she permitted herself to be driven in a car operated by a drunken person.

▆▆ It is the firmly established rule of law that a person who voluntarily rides in an automobile controlled by one he knows, or in the exercise of ordinary diligence should know, is under the influence of intoxicating liquor, and such condition proximately causes or contributes to an accident, is guilty of contributory negligence which will preclude a recovery of damages for any injury he may sustain. Louisville Taxicab & Transfer Co. v. Barr and Same v. Bryant, 307 Ky. 28, 209 S.W.2d 719; 5 Am.Jur., Automobiles, Sec. 483, p. 774.

A summary of the evidence reveals that appellant was working at Portsmouth, Ohio, and had returned to his home in Magoffin County on the morning of November 13, 1954, the date of the accident, reaching his destination about 2:00 a. m. He immediately went to bed and arose at 6:00 a. m. Shortly after arising, he drove to Salyersville, which is located five miles distant. He stated he took a drink around 6:00 or 6:30 a. m. near his home while on his journey to Salyersville. From this city he proceeded on to a place called Gardner's Branch where a turkey shoot was being held and while there drank a couple of times with some friends. Then he re-turned to his home, arriving back around 21:30 p. m. He ate lunch and, with appellee, his three children and one Willard Patrick, started again for Salyersville. On the way he stopped on one occasion, and went behind a barn but out of sight of appellee and the others in the car, and had another drink. About one-half hour later the accident occurred that gave rise to this litigation. Appellant denied he was intoxicated when the mishap took place.

It is claimed, however, appellee made a judicial admission which is so conclusive that it removes the question of appellant's intoxication from the field of disputed issue. Attention is called to the fact that appellee testified she "thought he (appellant) was drinking when he drove up and got out of the car." This was soon after his return from Salyersville that morning. She also stated she accused him of being under the influence of liquor and thought she could detect a difference in his behavior when he got out of the car and came into the yard. According to her testimony, before she got into the vehicle, she searched it for whiskey but found none.

Appellee counters with the assertion that such statements amounted to nothing more than a suspicion upon her part as to his condition, particularly since she later became convinced, she points out, that appellant was not drunk. She testified in this connection: "When he got in the house I saw he wasn't drunk." To bolster her contention appellant was not under the influence of intoxicants, and she could well believe he was not in such a state, she relies upon other evidence. She called as witnesses the ambulance driver and his assistant, who transported appellant and appellee and their children to the hospital immediately following the accident, and appellant's father, who came to the hospital soon after the arrival of appellant and appellee. These three persons testified appellant did not appear to be under the influence of intoxicants when they observed him. It was also brought out that

the parties to this litigation were quarreling as they rode in the automobile and, at the instant they reached the scene of the accident, appellant slapped appellee with considerable force, whereupon the car left the highway, plunged over an embankment, with the result that appellee received her injuries. Appellee contends appellant lost control of the car when he struck her and this occurrence was the proximate cause of the accident.

Appellant insists Sutherland **v.** Davis, 286 Ky. 743, 151 S.W.2d 1021, controls the facts of this case. There the guest was a woman who sued her host for damages for injuries sustained in an automobile accident. She testified unequivocally that the host was intoxicated at the time she was hurt. She then undertook to establish by other testimony that he was sober. This Court, in upholding a directed verdict of the lower court, concluded the guest's statements constituted a judicial admission of the host's condition and, therefore, she should not be permitted to avert the consequences of her testimony by the introduction of, or reliance on, other evidence.

We are unable to agree that appellee acknowledged appellant was in a state of drunkenness when she accompanied him in the automobile. It is true that she, as well as he, made statements which would tend to discredit their testimony relative to appellant's sobriety. Witnesses often testify in such a manner that doubt may arise as to the veracity of their declarations, but such action does not confer upon the trial judge the power to evaluate, on his own, testimony of this type. Under our system it is within the exclusive province of the jury to pass upon the credibility of the person testifying and to determine the weight to be given that person's testimony. Applying these tests to the facts deduced in this case, we conclude the trial judge correctly allowed the jury to consider all the evidence in order to resolve the issues developed. Those issues were whether or not appellant was intoxicated and, if such a condition existed, whether appellee knew or should have known of it and whether it caused or contributed to the cause of the accident. The jury found in favor of appellee on some, perhaps all, of the questions raised and assessed damages against appellant for her injuries, and we do not believe their verdict should be disturbed.

Wherefore, the judgment is affirmed.