Paul ROBERTS, Appellant,

v.

Zelma ROBERTS, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1958.

Berry & Floyd, New Castle, for appellant.

L. T. Peniston, New Castle, for appellee.

MOREMEN, Chief Justice.

Appellant, Paul Roberts, has appealed from a judgment awarding his wife, appellee Zelma Roberts, $3,587.88 as damages for injuries sustained when an automobile driven by appellant overturned.

On the night of December 18, 1955, appellee, who was returning from work, met her husband in Middletown, Ky. With him was his brother, M. J. Roberts. The three of them, together with another passenger, began the journey to their home in Henry County.

At the trial, Mrs. Roberts testified that at the time they left Middletown, or shortly thereafter, a freezing rain fell and roads became slick. At approximately 2 a. m., on a "well shaded curve" where ice had formed on highway No. 193 in Henry County, the car slid off the highway and turned over, and Mrs. Roberts was pinned under the car. Mrs. Roberts testified that although road conditions were hazardous, Mr. Roberts, over her protests, drove at the rate of 50 to 55 miles per hour, even though she had repeatedly requested him to slow down or let her drive. In this she was supported by the testimony of appellant's brother, M. J. Roberts. Appellant Paul Roberts was not called to the witness stand by either party. Mrs. Roberts further stated that just before the accident, her husband reduced the speed to 30 or 35 miles per hour which she thought was still excessive under the conditions caused by the weather, and that her husband was "nodding at the time we went off the road." The brother corroborated her in this regard, and he also heard Mrs. Roberts say immediately before the accident, "Watch out, Paul."

The defense, on behalf of the husband, relied heavily upon the fact that about a month after the accident, Mrs. Roberts, accompanied by her husband, went to the office of her husband's insurance company where she absolved her husband from any wrongdoing by making, inter alia, this statement: "My husband was driving carefully and he did not have anything to drink. I don't feel that he was in any way responsible for the accident." On the trial she testified, in chief, as outlined above. On cross-examination, when confronted with the statement, she at first denied having given it and later indicated that she had been forced to sign it. She later stated that she had signed the statement without having read it. The adjuster, who had interviewed her and who had prepared the statement in his own handwriting, testified that, upon completion, Mrs. Roberts had read and signed it. As we have stated, after hearing all the evidence, the jury awarded damages.

On this appeal, error is alleged in that: (1) appellee was contributorily negligent in failing to leave the automobile after the driver had ignored her request to reduce the excessive speed; and (2) in a suit by a wife against a husband for injuries sustained by his negligent conduct, the testimony of the wife should be closely scrutinized and when found to be flagrantly against the evidence, the verdict, based upon such testimony, should be set aside.

Imposed upon a guest in an automobile is the duty to exercise ordinary care for his own safety, and what constitutes ordinary care depends upon the facts of each case. Although the law does not encourage back-seat drivers, a guest in an automobile is charged with the duty to protest against a driver's continued negligence

or reckless conduct and if the driver continues to disregard the warnings, it may render the guest guilty of contributory negligence in failing to leave the car if a reasonable opportunity to do so presents itself. Carnes v. Day, 309 Ky. 163, 216 S.W.2d 901; Louisville Taxicab & Transfer Co. v. Barr, 307 Ky. 28, 209 S.W.2d 719. But, as pointed out in Richie v. Chears, Ky., 288 S.W.2d 660, 662, "The duty to remonstrate with the driver of an automobile or to get out of the car or request that he be allowed to do so when the guest observes that the driver is doing something that might be regarded as negligence or as involving danger or risk is not absolute." A reasonable opportunity to leave the car must be afforded the passenger.

■■ As pointed out in Blashfield Cyclopedia of Automobile Law, "A guest who feels himself in danger by the excessive speed of the vehicle cannot ordinarily be expected to leap from the car while it is still in rapid motion." Ordinarily the question of negligence in the failure to leave an automobile under the circumstances shown is one to be submitted to the jury for decision. In the case at bar, the evidence failed to disclose that appellee had a reasonable opportunity to leave the car. Let us remember that she was returning home with her husband over country roads at two o'clock in the morning. We believe, as the trial court evidently did, that all fair-minded men would agree that if she left the car, she would be subjecting herself to hazards equally as great as the one she was enduring while in the car. We think the instructions were proper under the circumstances of this case.

Appellant next urges that the verdict was flagrantly against the evidence. This contention is based upon the ground that the prior statement by Mrs. Roberts to the insurance agent destroyed the value of her testimony given on the trial and, therefore, the verdict based upon such testimony should be set aside.

■ We are not disposed in this connection to change our general rule to admit this exception in suits where spouses are involved. The only basis for admission of the previous statement was for the purpose of impeachment. The evidence was admitted as having proper bearing upon the credibility of witnesses, but was not substantive evidence, and the question of credibility of witnesses is generally a matter which addresses itself to the jury. Smith v. Commonwealth, 206 Ky. 728, 268 S.W. 328; Shatz v. American Surety Co. of N. Y., 295 S.W.2d 809. Ordinarily neither the trial court nor this court may pass upon the credibility of witnesses. Arnett v. Arnett, Ky., 293 S.W.2d 733. The argument also overlooks the fact that the testimony of M. J. Roberts supported that given by Mrs. Roberts. We are of opinion that the verdict was supported by sufficient evidence.

Judgment affirmed.

SIMS, Judge (dissenting).

The dissent in Brown v. Gosser, Ky., 262 S.W.2d 480, expressed my views on the right of a wife to sue her husband for a tort. Then in Combs v. Combs, Ky., 262 S.W.2d 821, I again dissented when the same question arose. Judge Stewart joined me in both of those dissents.

I would not deem it appropriate to dissent a third time on this same question were it not for the fact that this record discloses a palpable fraud was committed by the wife in bringing suit against her husband for his alleged negligence in operating a car, when about a month after the accident she had stated to the agent of the insurance carrier in the presence of her husband that he had not been guilty of any negligence.

In the dissent in the Brown case I expressed my fear that just such a fraud as has been perpetrated by the wife in the instant case would often occur, and I pointed out the possibility of a raise in the insurance rates on policies issued to thousands

of honest people. If judgments like this are allowed to stand they will soon become so numerous that one of three things will result: 1. insurance companies will have to insert a clause in their policies that a spouse is not covered; 2. or raise rates on policies covering a spouse; 3. or raise the rates on all automobile liability insurance, to the great detriment of the honest policyholders.

For the reasons given, I respectfully dissent and am authorized to state that Judge STEWART joins me.