[No. 34872. *En Banc.* June 18, 1959.]

Dorothy Lambert, *Appellant*, v. John W. Smith, *Respondent*.[1]

[1]Reported in 340 P. (2d) 774.

*Jack Steinberg*, for appellant.

*Skeel, McKelvy, Henke, Evenson & Uhlmann and Michael Mines*, for respondent.

FOSTER, J.—Appellant, plaintiff below, appeals from a judgment of nonsuit at the conclusion of her evidence. Appellant sued for personal injuries resulting from an automobile accident in which she was a passenger in the car owned and driven by the respondent. Appellant admits being a guest, but bases her action upon the guest statute, set out in the margin.[2]

This is the first case to reach this court under the recast of that statute by the 1957 legislature. It is unnecessary to consider our decisions under the prior statute because the sole question here is the order sustaining a challenge to the legal sufficiency of the appellant's evidence on the ground that she was guilty of contributory negligence as a matter of law when she failed to get out of the car under circumstances presently noticed.

Appellant claims that the respondent was grossly negligent, primarily because he was intoxicated. The intoxication of the respondent at the time of the accident was established by the testimony of the appellant and a corroborating witness, plus a scientific test made of the respondent at a military hospital immediately following the accident.

Appellant's evidence showed that she was employed as

[2]"No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser." RCW 46.08.080.

a barmaid in a First avenue beer tavern in Seattle, Washington, and that the party, consisting of the appellant, another barmaid, and four soldiers, who were stationed at Fort Lawton, left that beer tavern sometime after six o'clock in the evening destined for the noncommissioned officers' club at Fort Lawton. On the trip from the beer tavern to the club, the respondent drove the car himself. Enroute to Fort Lawton, the party stopped at the home of a sergeant, where the respondent visited for approximately one-half hour, and then went on to the club. The evidence is that all of the party consumed intoxicating liquor at the club. There was evidence that the respondent consumed at least eight drinks during the sojourn.

The evidence fixes the time of departure from the noncommissioned officers' club at sometime after nine o'clock on a July evening in 1957. The evidence is that the respondent was quite intoxicated upon leaving and the appellant refused to allow the respondent to drive because of his intoxication. She testified that the other barmaid and her soldier escort were seated on the right side of the front seat, and that she seated herself behind the wheel and had the motor running, ready to start moving, when the respondent, seated in the rear, got out of the car, opened the left front door, declared that no one was going to drive his car, shoved the appellant over, and proceeded to drive. The fair inference from the appellant's testimony is that she then had no opportunity to escape. Her testimony is that she was only going to ride to the bus stop where she intended to take a bus or taxicab back to the city. Within minutes after the trip commenced, respondent drove his car into a telephone pole, inflicting the injuries of which the appellant complains.

The appellant called the other barmaid as a witness. There is a fair inference from her evidence that she was hostile to the appellant. In the course of her testimony, while substantially corroborating the appellant in the matters related, she testified the respondent stopped his car and declared that if any of the passengers didn't like his

driving, they had a chance to leave. The evidence shows that this episode occurred upon a graveled road on an army post, after dark.

The record is barren of any denial by the appellant of the testimony of the hostile barmaid witness as to the stopping of the car to permit passengers, who were apprehensive of the respondent's ability to drive, to get out. At the conclusion of the appellant's evidence, the respondent challenged its legal sufficiency, which motion the court granted. The text of the court's opinion granting the motion is set out in the margin.[3]

Appellant argues that, even assuming the respondent afforded her an opportunity to get out of the car, she would have encountered a greater peril by leaving the car at that point.

██ It is familiar law that, in passing upon a motion challenging the legal sufficiency of the evidence, no discretion is involved, and the court does not weigh the evidence. The moving party assumes the truth of the opponent's evi-

---

[3]"On that basis we have the plaintiff's testimony here as to the drinking of the defendant both at the Arlington Tavern and at the NCO Club; that he was intoxicated; that his driving was—well, for the purposes of this motion we have to assume his driving was bad from the Arlington Tavern to Fort Lawton. We have the testimony of the plaintiff, which the Court must on such a motion accept as a verity, that before they left the NCO Club defendant Smith was intoxicated; that he was staggering; that he had had numerous drinks there. We have to accept too, for the purposes of the motion, that plaintiff here and two others were in the front seat of the car; accept the fact she started the motor and that the defendant himself originally got into the back seat. Taking all those facts as the truth, the question is then: Did the plaintiff assume any risk which would make her contributorily negligent and, as such, bar recovery by her.

"She did get into the car. She had no right to assume that anybody would drive the automobile other than the owner even though she may have started the motor. She would have an opportunity either not to enter the car until she was assured that he was not going to drive, or to get out of the car, and the defendant said that nobody was going to drive except him. The Court's feeling is, once she entered that car knowing his intoxicated condition she assumed the risk. She was contributorily negligent. She had the opportunity of not entering the car or getting out, and the defendant's motion will be granted. . . ."

dence together with all favorable inferences from it. It is only when the court can say that there is no evidence at all to support the plaintiff's claim that the motion may be granted. Had there been evidence contradicting that of the appellant's witness, that the respondent stopped his car on a gravel road in the darkness after nine o'clock, then it would have been error to grant the motion, for in *Moen v. Chestnut*, 9 Wn. (2d) 93, 101, 113 P. (2d) 1030, it was held:

"We have also repeatedly held, upon a challenge to the sufficiency of the plaintiff's evidence, or upon a motion for a nonsuit, that, even though the plaintiff's evidence is in some respects unfavorable to him, he is not bound by the unfavorable part thereof, but is entitled to have his case submitted to the jury on the basis of the evidence which is most favorable to his position. *Harris v. Saunders*, 108 Wash. 195, 182 Pac. 949; *Hahn v. Brickell*, 140 Wash. 412, 249 Pac. 780; *Settles v. Johnson*, 162 Wash. 466, 298 Pac. 690; *Weinman v. Puget Sound Power & Light Co.*, 175 Wash. 73, 26 P. (2d) 395; *Lindberg v. Steele*, 5 Wn. (2d) 54, 104 P. (2d) 940. . . ."

But there was no contradictory evidence.

However, that does not solve the problem because it must be determined whether the ruling was correct that the appellant was contributorily negligent in re-entering the car after the Fort Lawton sojourn until she was assured that the respondent would not drive.

When the appellant was seated at the wheel expecting to drive, respondent got out of the back seat, opened the left front door, pushed the appellant over, got in the driver's seat and instantaneously drove off. The jury would have been entitled to infer that the appellant then had no opportunity to escape and, in fact, was a captive. Certain it is, in any event, that there were four people then in the front seat, two on the appellant's right with the respondent and the steering wheel blocking escape from the left.

The respondent argues that, soon after leaving the noncommissioned officers' club, he stopped the car and declared that anyone who feared his driving ability might get out. It is perfectly obvious that the respondent was aware of protests from some of the passengers. There is abundant

evidence that the appellant declared the respondent was in no condition to drive.

■ Even where the evidence is without conflict, if reasonable people can draw different inferences the case is for the jury and not for the court, and it is only when the facts are such that all men must reach the same conclusion that the question is one of law for the court. *Brandt v. Northern Pac. R. Co.*, 105 Wash. 138, 177 Pac. 806; *Hull v. Davenport*, 93 Wash. 16, 159 Pac. 1072.

■ Whether, under the facts in the instant case, the appellant acted as an ordinarily prudent person would have acted, in declining to get out of the car when she was invited to do so, is a question for the jury.

■ In a great variety of circumstances, the courts have evolved the rule that it is not of itself contributory negligence for a passenger to refuse to get out when the driver's ability becomes impaired by intoxication, but whether, under the prevailing circumstances, in refusing to get out a person acted as an ordinarily prudent person would have acted under similar circumstances.[4]

The court was, therefore, in error in granting the respondent's motion challenging the sufficiency of the appellant's evidence.

Reversed.

WEAVER, C. J., DONWORTH, FINLEY, ROSELLINI, OTT, and HUNTER, JJ., concur.

MALLERY and HILL, JJ., dissent.

July 30, 1959. Petition for rehearing denied.

[4]Blashfield, Cyclopedia of Automobile Law and Practice, 576, 579, § 2415; *American Smelting & Refining Co. v. Sutyak*, 175 F. (2d) 123; *Freedman v. Hurwitz*, 116 Conn. 283, 164 Atl. 647; *Bernal v. Seitt* (Tex.), 313 S. W. (2d) 520; *Roberts v. Roberts* (Ky. App.), 310 S. W. (2d) 55; *Young v. Freeman*, 108 Pa. Super. Ct. 399, 164 Atl. 114; *Shields v. King*, 207 Cal. 275, 277 Pac. 1043; *Bell v. Proctor*, 92 Ga. App. 759, 90 S. E. (2d) 84; *Bell v. Proctor*, 212 Ga. 325, 92 S. E. (2d) 514; *Van Fleet v. Heyler*, 51 Cal. App. (2d) 719, 125 P. (2d) 586; *King v. Pope*, 202 N. C. 554, 163 S. E. 447; *McCance v. Montroy*, 75 Cal. App. (2d) 186, 170 P. (2d) 109; *Ridgway v. Yenny*, 223 Ind. 16, 57 N. E. (2d) 581; *Hirsch v. D'Autremont*, 133 Cal. App. 106, 23 P. (2d) 1066.